927 P.2d 1140 (1996)
84 Wash.App. 180
The STATE of Washington, Respondent,
v.
Osei Myron ESTERS, a/k/a Myron Esters, Appellant.
No. 18536-9-II.
Court of Appeals of Washington, Division 2.
November 27, 1996.
As Amended January 31, 1997.
*1141 David Harold Bruneau, Clallam County Prosecuting Atty., Port Angeles, for Respondent.
Judith Michele Mandel, Ronald D. Ness & Assoc., Port Orchard, for Appellant.
ARMSTRONG, Judge.
A jury convicted Osei Myron Esters of second degree murder of his 10-week-old daughter by means of second degree assault. The jury instruction defining assault did not require the jury to find that Esters assaulted his daughter with intent to harm her. On appeal, Esters contends (1) the jury instruction defining assault was flawed because it omitted the element of specific intent to harm, and (2) the trial court should have declared a mistrial following testimony regarding his lack of grief and his post-Miranda silence. We affirm, holding that second degree assault by battery does not require the specific intent to harm, and that the trial court did not abuse its discretion by denying the motions for mistrial.

FACTS
During her 10 weeks of life, Melody Esters was hospitalized four times for abnormal breathing. On the final hospitalization, the Esterses rushed Melody to Olympic Memorial Hospital, where she was found to be comatose, pale, and in respiratory distress. Her blood pressure was low and her abdomen was distended and bruised. A chest x-ray revealed fractured ribs on Melody's left side. The emergency room doctors believed she had suffered a blunt trauma injury within the past several hours. Melody died shortly thereafter at Harborview Hospital in Seattle.
Dr. Richard Harruff, the forensic pathologist who performed Melody's autopsy, testified Melody had suffered the following injuries: (1) abdominal contusions; (2) lacerations to the liver and mesentery; (3) several fresh fractures on the left side of the ribs, some of which may have been caused by emergency surgery; and (4) several healing rib fractures about two weeks old. Dr. Harruff concluded (1) the cause of death was a blunt force injury to the abdomen, (2) the manner of death was homicide, and (3) the injuries were consistent with intentional trauma.
Esters testified that just before Melody's third hospitalization, he performed CPR on her. Although he had been warned against it, he again performed CPR on Melody just before her final hospitalization. He compressed her stomach, squeezed her chest, and administered a Heimlich maneuver. Dr. James Alexander Johnston Ferris, a medical pathologist, testified Melody's injuries were consistent with the performance of CPR.
The State charged Myron Osei Esters with three alternative offenses: (1) homicide by abuse, (2) second degree intentional murder, and (3) second degree felony murder by means of second degree assault on a child. The jury found Esters not guilty of homicide by abuse and second degree intentional murder, but did find him guilty of second degree felony murder by means of second degree assault on a child. On appeal, Esters contends the jury instruction defining "assault" as "an intentional touching or striking of another person that is harmful,"[1] erroneously omitted the element of intent to harm. Esters also claims the trial court abused its discretion by denying his motions for mistrial based on (1) the testimony of two witnesses who said he did not manifest grief after Melody's death, and (2) a question asking why he did not tell detectives he had attempted CPR on Melody.

ANALYSIS

Jury Instructions
The State must prove every element of a crime beyond a reasonable doubt. *1142 State v. Eastmond, 129 Wash.2d 497, 503, 919 P.2d 577 (1996). The omission of an essential element of a crime is reversible error. Eastmond, 129 Wash.2d at 503, 919 P.2d 577. We view the jury instructions as a whole to determine if an essential element is missing. State v. Pirtle, 127 Wash.2d 628, 656, 904 P.2d 245 (1995), cert. denied, ___ U.S. ___, 116 S.Ct. 2568, 135 L.Ed.2d 1084 (1996).
The jury found Esters had committed second degree assault on a child, which incorporates the elements of second degree assault. RCW 9A.36.130(1)(a). A person is guilty of second degree assault if he or she "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." RCW 9A.36.021(1)(a). The jury was instructed "assault" meant "an intentional touching or striking of another person that is harmful," but the instruction omitted that the touching be with intent to cause harm. Esters claims the instruction relieved the State of proving he had acted with the intent to harm Melody. This was particularly damaging, he argues, because the jury could have believed he unintentionally harmed Melody during the CPR and yet convicted him.
Intent to Cause Bodily Harm
Esters essentially argues second degree assault by battery is a specific intent crime. Specific intent is "an intent to produce a specific result, as opposed to an intent to do the physical act" that produces the result. State v. Davis, 64 Wash.App. 511, 515, 827 P.2d 298 (1992), rev'd on other grounds, 121 Wash.2d 1, 846 P.2d 527 (1993), quoted in State v. Eakins, 127 Wash.2d 490, 505 n. 6, 902 P.2d 1236 (1995) (Talmadge, J., dissenting). He relies on Eastmond and State v. Byrd, 125 Wash.2d 707, 887 P.2d 396 (1995). According to Eastmond and Byrd, second degree assault is a specific intent crime. Eastmond, 129 Wash.2d at 503, 919 P.2d 577 ("[O]mission of a specific intent instruction impermissibly allowed the jury to find the defendant guilty of second degree assault ... without finding any actual intent to injure or cause fear."); Byrd, 125 Wash.2d at 713, 887 P.2d 396 ("[S]pecific intent either to create apprehension of bodily harm or to cause bodily harm is an essential element of assault in the second degree."); see also Eakins, 127 Wash.2d at 496, 902 P.2d 1236 ("An essential element of second degree assault is specific intent either to cause bodily harm or to create apprehension of bodily harm.").
Eastmond and Byrd are distinguishable. In each, the defendant was accused of assault by attempting to cause injury or assault by attempting to cause fear of injury. Eastmond, 129 Wash.2d at 499-500, 919 P.2d 577; Byrd, 125 Wash.2d at 713-14, 887 P.2d 396. Assault by battery[2]consummated assault was not at issue. Byrd, 125 Wash.2d at 712 n. 3, 887 P.2d 396. Thus, Eastmond and Byrd hold only that specific intent is a necessary element of assault by attempt to cause bodily injury or assault by attempt to create apprehension of bodily harm, not assault by battery. Because Esters was charged with assault by battery, Eastmond and Byrd are not controlling; we look to the statute to determine the required mental elements for assault by battery.
When interpreting RCW 9A.36.021(1)(a), our primary objective is to carry out the intent of the Legislature. State v. Rivas, 126 Wash.2d 443, 451, 896 P.2d 57 (1995). A plain and unambiguous statute "must be construed in conformity to its obvious meaning without regard to the previous state of the common law." State v. Bergeron, 105 Wash.2d 1, 15, 711 P.2d 1000 (1985) (quoting State ex rel. Madden v. PUD No. 1 of Douglas County, 83 Wash.2d 219, 222, 517 P.2d 585 (1973), cert. denied, 419 U.S. 808, 95 S.Ct. 20, 42 L.Ed.2d 33 (1974)).
Under RCW 9A.36.021(1)(a), a person commits assault in the second degree if he or she "[i]ntentionally assaults another and thereby recklessly inflicts substantial bodily harm." A person acts "intentionally when he acts with the objective or purpose to accomplish a result which constitutes a crime." RCW 9A.08.010(1)(a). A person acts "recklessly when he knows of and disregards a substantial risk that a wrongful act may occur *1143 and his disregard of such substantial risk is a gross deviation from conduct that a reasonable man would exercise in the same situation." RCW 9A.08.010(1)(c). Recklessly causing harm is not the same as intentionally causing harm. Thus, under the statute, second degree assault by battery requires an intentional touching that recklessly inflicts substantial bodily harm. It does not require specific intent to inflict substantial bodily harm. See State v. Allen, 101 Wash.2d 355, 359, 678 P.2d 798 (1984) ("RCW Title 9A was designed to replace the concepts of specific and general intent with four levels of culpability in RCW 9A.08.010.").
Because the jury instructions included the relevant statutory language and the statutory definitions of "intent" and "reckless," we conclude the jury was properly instructed that second degree assault by battery requires an intentional touching that recklessly inflicts substantial bodily harm.
A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
SEINFELD, C.J., and TURNER, J., concur.
NOTES
[1] This definition of "assault" shares language with the definition of "battery" in WPIC 35.50. Note on Use, WPIC 35.50, at 453 (2d ed. 1994) (first paragraph to be used in battery cases).
[2] We have defined common law battery as "an unlawful touching with criminal intent." State v. Russell, 69 Wash.App. 237, 246, 848 P.2d 743, review denied, 122 Wash.2d 1003, 859 P.2d 603 (1993).