# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47966-4-II |
| Respondent, | |
| v. | |
| JEROME ANTHONY BEECHUM, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Following a bench trial, the trial court found Jerome Anthony Beechum guilty of assault in the second degree—domestic violence with an aggravating factor.[1] The conviction related to an altercation between Beechum and his long-term girlfriend, Heather White. Beechum appeals his conviction, arguing that the trial court's finding of fact regarding how hard he hit White was not supported by substantial evidence and that the trial court violated his state and federal due process rights by convicting him of an offense that was not supported by sufficient evidence. Beechum has also filed a supplemental brief seeking waiver of appellate costs. We affirm Beechum's conviction and exercise our discretion to waive appellate costs.

## FACTS

The following facts derive primarily from the trial court's letter decision that contains its findings of fact and conclusions of law. The findings of fact, except for finding 31, are

---

[1] The aggravating factor was that "the offense was part of an ongoing pattern of psychological, physical, or sexual abuse of a victim or multiple victims manifested by multiple incidents over a prolonged period of time." RCW 9.94A.535(h)(i). The court imposed an exceptional sentence that Beechum does not appeal.

unchallenged and are therefore verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

Beechum and White were in a long-term relationship and have "one or more" children together. Clerks Papers (CP) at 61. Beechum is 6 feet 1 inch tall and White is 5 feet 3 inches tall.

One evening Beechum and White got into an argument at a friend's apartment. White slapped Beechum and hit him in his chest. White also attempted to kick Beechum in the groin area, but missed. White then walked out of the apartment. Beechum followed her and as White turned around, Beechum punched White in the left eye "with such force that [White] lost consciousness, fell to the ground and suffered substantial injuries to her eye and eye socket," including multiple fractures. CP at 62. Police arrived. While questioning Beechum, one of the officers noticed injuries to Beechum's right hand. He told the officer he had been involved in some "street fighting." CP at 63. An ambulance took White to the emergency room.

The State charged Beechum with assault in the second degree–domestic violence. The matter proceeded to a bench trial.

During trial, Beechum testified he acted in self-defense. He said he was acting in response to being kicked in the groin area. Beechum further testified that he had previously been in "street fights." Report of Proceedings (RP) (July 9, 2015) at 36. When asked if he knew how to hit, Beechum responded, "Yes, I do." RP (July 9, 2015) at 113.

Dr. Robert Falconer, the emergency room physician who treated White, also testified. Dr. Falconer diagnosed multiple fractures around the left orbit, including the zygoma (cheek bone). Dr. Falconer testified that the zygoma is "a sturdy bone," shaped as an arch that "can sustain significant force without breaking." RP (July 9, 2015) at 47. He explained that injuries that involve multiple fractures around the eye, including the zygoma, are consistent with assaults,

major car accidents, or blunt trauma. He opined that White's injuries were the result of blunt force trauma.

The trial court admitted photographs of Beechum's right hand from the night of the altercation. Dr. Falconer examined the photographs, noting the swelling around Beechum's joints and a small abrasion. Dr. Falconer opined the injuries to Beechum's hands were consistent with causing White's injuries.

The trial court found Beechum guilty of assault in the second degree—domestic violence. In its letter decision, the court set forth its findings of fact. The court found that Beechum did not act in self-defense. Additionally, the court found:

> The amount of force used by Mr. Beechum in punching Ms. White was excessive and not reasonable or necessary under the circumstances. In light of the blunt force required to cause such extensive injuries to Ms. White, Mr. Beechum intentionally punched her as hard as he could. Mr. Beechum was not preventing or attempting to prevent Ms. White from assaulting him. Instead, at the least, he knew and disregarded the substantial risk that a serious injury would result from punching Ms. White as hard as he could.

CP at 64. The court concluded, "I find beyond a reasonable doubt that Jerome Anthony Beechum was not acting in self-defense." CP at 64. Beechum appeals his conviction.

## ANALYSIS

### I.    FINDING OF FACT 31

Beechum first contends substantial evidence does not support the trial court's finding of fact 31. He argues there was no evidence to prove he punched White "as hard as he could." Appellant's Br. at 15 (quoting CP at 64).

"[F]ollowing a bench trial, [our] review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *Homan*, 181 Wn.2d at 105-06. Evidence is substantial if it is sufficient to persuade a fair-

3

minded person of the truth of the asserted premise. *Homan*, 181 Wn.2d at 106. Unchallenged findings of facts, along with findings of fact supported by substantial evidence, are verities on appeal. *Homan*, 181 Wn.2d at 106. We review conclusions of law de novo. *Homan*, 181 Wn.2d at 106.

Findings of fact that contain errors are subject to a harmless error analysis. *State v. Banks*, 149 Wn.2d 38, 43-46, 65 P.3d 1198 (2003). In determining harmless error, we assess whether the result would have been the same even without the error. *State v. Carleton*, 82 Wn. App. 680, 686, 919 P.2d 128 (1996).

Assault in the second degree requires an intentional assault that "thereby recklessly inflicts substantial bodily harm." RCW 9A.36.021(1)(a). The evidence clearly shows Beechum struck White extremely hard. But, as the State correctly points out, assault in the second degree does not require a particular degree of force; it requires only an intentional assault and a reckless infliction of substantial bodily harm. Thus, the finding that Beechum struck "as hard as he could" is surplusage and does not change the verdict. CP at 64. We therefore conclude that this finding is therefore harmless.

II.    SUFFICIENCY OF THE EVIDENCE

Beechum next argues he was denied his state and federal due process rights because insufficient evidence existed to support his conviction. Specifically, Beechum argues that insufficient evidence existed to prove beyond a reasonable doubt that he "recklessly" inflicted substantial bodily injury, Appellant's Br. at 17, as required under RCW 9A.36.021(1)(a).[2]

---

[2] Beechum also appears to argue that the means rea of a reckless act should be imported into RCW 9A.36.021(1)(a). We reject this argument. Recklessness relates to the infliction of substantial bodily harm.

The due process clauses of the federal and state constitutions require that the State prove every element of a crime beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000); U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3. Evidence is sufficient if it permits a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Tilton*, 149 Wn.2d 775, 786, 72 P.3d 735 (2003). As previously stated, when reviewing the sufficiency of the evidence following a bench trial, we review whether substantial evidence supports the contested findings of fact and, if so, whether the findings support the conclusions of law. *Homan*, 181 Wn.2d at 105.

Beechum does not contest that he struck White or that she suffered substantial bodily injury. Beechum's sole argument relates to the "recklessly inflicts" element. *See* RCW 9A.36.021(1)(a).

"[S]econd degree assault by battery requires an intentional touching that *recklessly* inflicts substantial bodily harm. It does not require specific intent to inflict substantial bodily harm." *State v. Esters*, 84 Wn. App. 180, 185, 927 P.2d 1140 (1997). Here, Beechum was considerably taller than White and was an experienced street fighter. The trial court's findings of fact support the conclusion that as a result of Beechum's intentional act of punching White in the eye, Beechum recklessly caused the substantial bodily harm that White suffered. Thus, the State proved every element of assault in the second degree beyond a reasonable doubt. We hold there was no denial of due process rights.

III.     APPELLATE COSTS

Beechum has also filed a supplemental brief opposing appellate costs in light of *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016), asserting that he does not have the ability to pay. In light of Beechum's indigent status and our presumption

under RAP 15.2(f) that he remains indigent "throughout the review" unless the trial court finds that his financial condition has improved, we exercise our discretion to waive appellate costs in this matter. RCW 10.73.160.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

 

                                                    Melnick, J.

We concur:

Maxa, A.C.J.

Worswick, J.