# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47326-7-II |
| Respondent, | |
| v. | PART PUBLISHED OPINION |
| KEVIN A. RIVERA, | |
| Appellant. | |

BJORGEN, C.J. — Kevin Rivera appeals his convictions for second degree assault and third degree malicious mischief and his sentencing condition forfeiting property.

In the published portion of this opinion, we hold that (1) the trial court lacked statutory authority to impose the sentencing condition forfeiting property. In the unpublished portion we hold that (2) Rivera waived his claim of improper elicitation of opinion testimony by failing to object, (3) the State did not misstate the law relating to intent, (4) the State did not shift the burden of proof, and (5) Rivera's counsel did not render ineffective assistance. Accordingly, we affirm Rivera's convictions but reverse and remand his sentence to the trial court to strike the forfeiture condition.

FACTS

On September 20, 2014, Alicia Clements arrived at Rivera's home to serve him papers concerning a civil matter. Clements exited her vehicle to tape the documents to a post near Rivera's driveway. While Clements was posting the paperwork, Rivera and his wife came out the front door and into the driveway. Rivera yelled at Clements that she was trespassing and needed to leave.

As Clements was getting back into her car, Rivera took down the documents Clements had posted and approached her car in order to return them. In the process of returning the documents, Rivera shattered the driver's side window on Clements's car, causing glass to cascade into the car and onto the street, injuring both Rivera and Clements in the process. Clements claimed that her window was completely rolled up and that Rivera had deliberately punched through the window with the documents in hand, striking her twice with his fist in the process. Rivera stated that Clements's window was still open when he returned the documents, but that because Clements was attempting to roll up her windows, his fingers caught the edge of the window causing it to shatter. Both Rivera and Clements called 911, and Pierce County Sheriff's Deputies Montgomery Minion and Jonathan Collins responded to the incident. Deputy Minion ultimately arrested Rivera for assault.

The State charged Rivera with second degree assault by battery under RCW 9A.36.021(1)(a), felony harassment, and third degree malicious mischief. At trial, Rivera conceded that he had broken Clements's window, but argued he did so accidently rather than intentionally.

The State called Deputy Minion and Clements as witnesses. The prosecutor questioned Deputy Minion about his arrest of Rivera and questioned Clements about whether Rivera's conduct appeared accidental to her. Defense counsel did not object to this questioning. In closing argument, the State challenged Rivera's credibility and argued that his claim that his physical conduct was accidental was belied by the evidence presented at trial, including Rivera's intentional acts just before breaking the window. Defense counsel did not object to this argument.

The jury convicted Rivera of second degree assault and third degree malicious mischief. As part of his sentence, Rivera was required to forfeit "[a]ll property." CP at 74. Rivera appeals.

ANALYSIS

I. FORFEITURE

Rivera argues that the trial court lacked authority to order property forfeiture as a sentencing condition. We agree.

We review whether the trial court had statutory authority to impose a sentencing condition de novo. *State v. Roberts*, 185 Wn. App. 94, 96, 339 P.3d 995 (2014). A trial court has no inherent power to order forfeiture of property in connection with a criminal conviction. *Id*. The authority to order forfeiture of property as part of a judgment and sentence is purely statutory. *Id*. The State has the burden to show that the trial court had statutory authority to order the forfeiture. *Id*. at 96-97.

The State argues that we should decline to consider Rivera's challenge because he has not identified any property that was improperly seized and failed to make a CrR 2.3(e) motion. We recently considered and rejected an identical argument in an unpublished case, *State v. Trevino*,

noted at 195 Wn. App. 1002, 2016 WL 3866082. In *Trevino*, the defendant challenged the

property forfeiture condition of his judgment and sentence. *Id*. at *1. The State responded by

arguing that the record was insufficient for review because Trevino had failed to identify any

seized property or file a motion under CrR 2.3(e). *Id*. We disagreed, explaining that under

*Roberts*, the State had the burden to produce a record demonstrating that the sentencing court had

statutory authority to include a forfeiture provision in the appellant's judgment and sentence. *Id*.

at *2. Because the State could not demonstrate that the trial court had the authority to order

forfeiture, we reversed the trial court and remanded to strike the forfeiture condition. *Id*. at *2.

In this case, the State makes the same arguments as it did in *Trevino* and does not cite any

statute that would authorize the trial court to order forfeiture as a sentencing condition.

Therefore, we hold that the trial court erred by ordering forfeiture of seized property as a

sentencing condition.

A majority of the panel having determined that only the foregoing portion of this opinion

will be printed in the Washington Appellate Reports and that the remainder shall be filed for

public record pursuant to RCW 2.06.040, it is so ordered.

## II. PROSECUTORIAL MISCONDUCT

Rivera argues that the State committed prosecutorial misconduct by eliciting improper

opinion testimony from its witnesses, misstating the law relating to intent, and improperly

shifting the burden of proof during closing argument. We disagree.

To establish a claim of prosecutorial misconduct, Rivera must demonstrate that the

prosecutor's conduct was both improper and prejudicial in the context of the entire record and circumstances at trial. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012), *cert. denied*, 136 S. Ct. 357 (2015). To establish prejudice, there must be a substantial likelihood that the misconduct affected the jury verdict. *Id*. Because Rivera did not object at trial, his arguments are waived unless he can establish that the misconduct was so flagrant and ill-intentioned that an instruction would not have cured the prejudice. *Id*.

A.      Improper Elicitation of Opinion Testimony

Rivera argues that the State elicited improper opinion testimony on his credibility, veracity, and guilt from Deputy Minion and Clements. We disagree.

In general, a witness may not testify regarding the guilt or veracity of the defendant, because to do so would unfairly prejudice the defendant and usurp the function of the jury. *State v. Demery*, 144 Wn.2d 753, 759, 30 P.3d 1278 (2001). Rivera asserts that the following exchange with Deputy Minion was tantamount to a comment on his credibility, veracity, and guilt:

> Q.  [Prosecutor]     :[D]id he [Rivera] say anything as to what he did with the paperwork?
> A  [Deputy Minion] : He said that he had grabbed the paperwork off the post.
>
> Q:                 What, if anything, after that did he explain that he did?
>
> A:                 He approached the vehicle and told her [Clements] that she was trespassing, that she needed to leave immediately.
>
> Q:                 And did he claim to, shall we say, return the documents to her?
>
> A:                 Yes he did. He – as he went to put his – put the documents back into her vehicle, she was rolling up the window. And he –

Q:      That's okay. Here's what I was kind of asking. I apologize. At some point in time, he returned the documents to her?

A:      Yes.

Q:      Did he acknowledge that a window, her driver's window, was broken?

A:      Yes.

Q:      And did he admit that he was the cause of that?

A.      Yes.

Q:      So it's at this point you have determined what as it relates to Mr. Rivera and the incident with Ms. Clements?

A:      Well, it's to my understanding that he was involved in an altercation with her, and that he broke her window out and struck her with his fist.

Q:      And what, if anything, did that cause you to do regarding your contact with Mr. Rivera?

A.      I placed Mr. Rivera under arrest for assault.

Verbatim Report of Proceedings (VRP) (Feb. 11, 2015) at 129-31. Similarly, Rivera argues that the following testimony from Clements was effectively a comment on his credibility, veracity, and guilt:

[Prosecutor] Q:   Based upon what you observed of the defendant's conduct directed toward you, did you consider, and did his behavior and actions appear to be intentional from what you could see?

[Defense]:        Objection, leading.

6

| [The Court]: | I am going to ask you to rephrase, please. |
| [Prosecutor] Q: | Can you describe for us the nature of the defendant's actions directed toward you? |
| [Clements] A: | He seemed to be – I mean, he was mad. |
| Q: | Who was he focusing on? |
| A: | Me. |
| Q: | At the time that he struck the windows, was this also the same time in which he was saying those threats to you? |
| A: | To me, yes. |
| Q: | Any way they could have been accidental? |
| A: | No. |

VRP (Feb. 12, 2015) at 31.

Under the facts of this case, we need not determine whether the testimony elicited from Deputy Minion and Clements was improper because Rivera has not demonstrated that he was prejudiced by the prosecution's conduct. A defendant who fails to object to alleged misconduct at trial must show that the prosecutor's conduct was so flagrant and ill-intentioned that an instruction could not have cured the error and that the misconduct caused prejudice. *Glasmann*, 175 Wn.2d at 704. To establish prejudice, there must be a substantial likelihood that the misconduct affected the jury verdict. *Id*. We review allegedly improper arguments in the context of the total argument, the issues in the case, the evidence addressed in the argument, and the instructions given. *State v. Russell*, 125 Wn.2d 24, 85-86, 882 P.2d 747 (1994). Our ultimate focus is not on "whether the prosecutor's misconduct was flagrant or ill intentioned,"

but rather "whether the resulting prejudice could have been cured." *State v. Emery*, 174 Wn.2d 741, 762, 278 P.3d 653 (2012).

In *State v. Montgomery*, 163 Wn.2d 577, 594, 183 P.3d 267 (2007), our Supreme Court found that a chemist's testimony that a defendant possessed pseudoephedrine with the intent to manufacture methamphetamine was improper opinion testimony. However, the court found that even though the testimony was improper, the defendant had not established prejudice. *Id*. at 595-96. The court reasoned that a timely objection would have likely been sustained and curative instructions could have been given to mitigate any prejudice caused by the improper testimony. *Id*. at 596. The court also noted that the jury was properly instructed that it is the sole judge of witness credibility. *Id*. at 595.

Without deciding whether Deputy Minion's or Clements's testimony was improper, we conclude that Rivera's challenge is waived because he has not demonstrated that the challenged conduct was so flagrant or ill-intentioned that a timely objection and instruction could not have cured any error. *Glassmann*, 175 Wn.2d at 704. Therefore, the claimed improper elicitation of opinion testimony cannot serve as a basis for a claim of prosecutorial misconduct.

B.      Burden of Proof

Rivera argues that the prosecutor improperly lowered the State's burden of proof by urging the jury to reach a verdict based on whether they found the State's narrative more credible than Rivera's. During closing argument the prosecutor stated:

> These are just a few things you can consider when it comes to having to pick and choose as to who you believe, that's what it comes down to. You are the ones that are going to have to decide if you find the defendant's version credible or if you find the victim's explanation of what occurred on September 20th, 2014.

VRP (Feb. 12, 2015) at 122-23. Rivera asserts that the State's argument urging the jury to "believe" one side or the other essentially asks the jury to decide the case on the basis of preponderance of the evidence rather than beyond reasonable doubt. Br. of Appellant at 22. We disagree.

A prosecutor has wide latitude in closing argument to draw reasonable inferences from the evidence and may comment on witness credibility based on the evidence. *State v. Lewis*, 156 Wn. App. 230, 240, 233 P.3d 891 (2010). Considering the record as a whole, the State did not improperly comment on Rivera's credibility or urge the jury to decide the case solely on the basis of credibility. Rivera argued at trial that while he did break Clements's window, he did so accidentally. Because Rivera and Clements gave different accounts of the incident, the State argued that Clements's narrative was more credible in light of the evidence admitted at trial and the testimony of the witnesses. Furthermore, the State repeatedly emphasized that it bore the burden "to prove every element beyond a reasonable doubt" and that the jury must determine if there was evidence "sufficient to prove the elements beyond a reasonable doubt of the three crimes." VRP (Feb. 12, 2015) at 131-32.

Consequently, we hold that the prosecutor's argument was proper. Therefore, Rivera's claim of misconduct on this basis fails.

C.     Misstatement of the Law

Rivera argues that the State misstated the law of assault in the second degree to the jury with respect to intent.

During closing argument, the State stated:

[Rivera] decides intentionally, again, to come out from behind the gate. His gate. He's now leaving his property. He is coming to [Clements]. This is what we call intentional. This is one of the things you can look at to determine whether or not this was an accident, whether or not he acted intentionally. Every one of these acts is leading up to what eventually occurs. Every one of these things I read out for you is something that he has intentionally done.

VRP (Feb. 12, 2015) at 136. Rivera asserts that the State's explanation of intent to the jury during closing argument was improper because "the [State] was required to prove that [he] intended the assault." Br. of Appellant at 20. Rivera contends that the claimed misconduct "went to the only issue in the case—whether the prosecution proved that Rivera had the required intent for second-degree assault." Br. of Appellant at 8. Rivera does not argue that the State misstated or failed to prove the remaining elements of assault in the second degree.

The State charged Rivera under RCW 9A.36.021(1)(a), assault by battery, and had the burden only to prove beyond a reasonable doubt that Rivera "[i]ntentionally assault[ed] another and thereby recklessly inflict[ed] substantial bodily harm." We have held that second degree assault by battery is a general intent crime that requires "'an intent to do the physical act'" itself rather than the specific intent "'to produce a specific result.'" *State v. Esters*, 84 Wn. App. 180, 184-85, 927 P.2d 1140 (1996) (quoting *State v. Davis*, 64 Wn. App. 511, 515, 827 P.2d 298 (1992), *reversed on other grounds*, 121 Wn.2d 1, 846 P.2d 527 (1993). More precisely, in *Esters*, we determined that "second degree assault by battery requires an intentional touching that recklessly inflicts substantial bodily harm. It does not require specific intent to inflict substantial bodily harm." *Id*. at 185 (emphasis omitted). In *State v. Baker*, Division Three of our court

similarly reasoned that in the context of assault by battery, the "actual battery consists of an intentional touching or striking, whether or not any physical injury results." 136 Wn. App. 878, 883-84, 151 P.3d 237 (2007). The court clarified that "the State need show only the intention to touch or strike, not the intent to injure." *Id*. at 884. Therefore, the State was required to prove beyond a reasonable doubt that Rivera intended to touch or strike Clements.

The State's references to Rivera's intentional actions just prior to breaking the window are consistent with an attempt to argue the required intent for assault by battery in the second degree. To establish that Rivera "intentionally assaulted" Clements, the State argued that Rivera's breaking the car window, causing glass to cut Clements, and punching Clements were the intentional physical acts constituting assault. At trial, Rivera conceded that he had broken the window, but denied that he did so intentionally or that he struck Clements:

> [Prosecutor] Q: My question is: You threw these documents back into [Clements'] vehicle, correct?
>
> [Rivera] A: Yes, ma'am, I did.
>
> Q: You thought that was the best thing to do?
>
> A: No, actually, after I did it, I thought it was a pretty stupid thing to do.
>
> Q: Now, I know your – you have indicated your version of tipping or hitting the, the top of the window. Is that your--
>
> A: Yes, ma'am, the edge.
>
> Q: It was an accident?

11

A:          Yes, ma'am.

Q:          The window exploded because you touched the top of the window?

A:          Don't say touch. No. Because my fingertips slammed up against the top of the window because it was perfect timing; as the window was coming up, my fingers hit the edge.

Q:          But not literally just the fingertips?

A:          My fingertips right here hit the edge of the glass, window blew up. I have a cut on the palm of my hand. No fist involved in anything. No glass on my knuckles or anything like that.

Q:          You believe by merely putting some force on the window that you say was down caused it to completely explode?

A:          That is exactly what happened.

VRP (Feb. 12, 2015) at 70-71.

In response, the State presented evidence of Clements's injuries, arguing that they were consistent with being struck in the head by a fist. In order to prove Rivera's mental state, whether or not he intended to unlawfully touch or strike Clements, the State argued that circumstantial evidence supported the inference that Rivera intentionally punched Clements and her window. The State drew the jury's attention to the force necessary to shatter a window, argued that Rivera was angry about the impending foreclosure of his home, and asserted that Rivera channeled his anger towards Clements, culminating in Rivera intentionally striking both the window and Clements. The State also argued that the damage to the window was indicative

of an intentional act, reasoning that the nearly complete shattering of the window was "most consistent with somebody taking two fists and going right at it through the center," rather than accidentally hitting the window as Rivera claimed. VRP (Feb. 12, 2015) at 115. The State also reminded the jury of Clements's testimony that her window was only rolled down a few inches because she smokes, and that she had already rolled up her window as Rivera approached her car.

In context, the State's argument regarding Rivera's actions supported the conclusion that he intended to touch or strike Clements. This, in turn, is the nature of the intent needed for assault by battery. *Esters*, 84 Wn. App. at 185; *Baker*, 136 Wn. App. at 883-84. In addition, the State's argument was intended to undermine Rivera's credibility by highlighting the apparent inconsistency between his intentional actions prior to breaking the window and his claim that his physical act was accidental. As such, we hold that the State did not misstate the law of intent during closing argument. Because Rivera has not established that the State's conduct was improper, he has not established prosecutorial misconduct with respect to this issue.

D.    Cumulative Error

Rivera argues that even if a single act of prosecutorial misconduct did not result in prejudice, the cumulative effect of different instances of misconduct resulted in prejudice that merits reversal. We disagree.

Where several trial errors standing alone may not merit reversal, but when combined may deny a defendant a fair trial, we may reverse under the doctrine of cumulative error. *State v.*

13

*Greiff*, 141 Wn.2d 910, 929, 10 P.3d 390 (2000). This doctrine does not apply where the errors are few and have little to no effect on the outcome of the trial. *Id*. In this case, the State did not misstate the law of intent or advocate for a standard of guilt in the trial court beyond a reasonable doubt. That leaves only the claimed improper elicitation of opinion testimony by the State. As we conclude below in the discussion of ineffective assistance of counsel, even if we assume impropriety, Rivera has not demonstrated prejudice from that elicitation. Therefore, Rivera's claim of cumulative prejudice fails.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Rivera argues that he received ineffective assistance of counsel as a consequence of his attorney's failure to object to the State's misstatement of the law, improper burden shifting, and elicitation of improper opinion testimony. We disagree.

To establish ineffective assistance of counsel, Rivera must demonstrate that: (1) his counsel's performance was deficient in that it fell below an objective standard of reasonableness under the circumstances, and (2) he was prejudiced as a result of his counsel's performance. *State v. Larios-Lopez*, 156 Wn. App. 257, 262, 233 P.3d 899 (2010). A defendant is prejudiced by counsel's deficient performance if but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 889 P.2d 1251 (1995). We presume that defense counsel's representation was effective and Rivera must demonstrate that there was no legitimate or strategic reason for defense counsel's conduct. *McFarland*, 127 Wn.2d at 335-36. Where a claim of ineffective assistance

14

of counsel is predicated on defense counsel's failure to object, the defendant must also show that the objection would have likely been sustained. *State v. Fortun-Cebada*, 158 Wn. App. 158, 172, 241 P.3d 800 (2010). Failure to establish either deficient performance or prejudice resulting from such deficiency is fatal to an ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 700, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

We conclude above that the State did not misstate the law of intent or improperly shift or lower the burden of proof through its argument. Thus, an objection to those elements of the State's case would likely not have been sustained, and the failure to make such objections cannot serve as the basis for an ineffective assistance claim.

We did not, however, rule above on whether the State improperly elicited opinion testimony, but held that defendant's claim of misconduct on that basis was waived by his failure to object. Assuming, without deciding, that counsel's failure to object to the claimed elicitation of opinion testimony was deficient, Rivera has not demonstrated that the deficiency resulted in prejudice. The State's question that most easily could be deemed improper on this ground was, "Any way they [Rivera's actions] could have been accidental?", to which the witness replied, "No." VRP (Feb. 12, 2015) at 31. Rivera does not show, however, that the result of the trial would probably have been different without that question. In addition, the jury was properly instructed on the burden of proof, intent, assault, credibility, and assault in the second degree. Therefore, Rivera has not demonstrated that he was prejudiced by the State's claimed elicitation of opinion testimony. For these reasons, Rivera's ineffective assistance of counsel claim fails.

CONCLUSION

We affirm Rivera's convictions but reverse and remand his sentence to the trial court to strike the forfeiture condition.

Bjorgen, C.J.

We concur:

Johanson, J.

Melnick, J.