[No. 44815-7-II.   Division Two.   December 17, 2014.]

THE STATE OF WASHINGTON, *Respondent*, v. SHERMAN ROBERTS, *Appellant*.

*Kathryn A. Russell Selk* (of *Russell Selk Law Office*), for appellant.

*Mark E. Lindquist, Prosecuting Attorney*, and *Jason Ruyf, Deputy*, for respondent.

¶1 MAXA, J. — Sherman Roberts appeals his convictions of rape of a child in the third degree and child molestation in the third degree and a provision in his judgment and sentence. He argues that the trial court acted without statutory authority when it ordered forfeiture of any property in law enforcement's possession. We agree and hold that the trial court erred in ordering forfeiture in the absence of any statutory authority. In the unpublished portion of this opinion we consider and reject Roberts's argument that his convictions should be reversed. Accordingly, we affirm Roberts's convictions but remand to strike the forfeiture provision from his judgment and sentence.

## FACTS

¶2 In January 1990, Roberts pleaded guilty to two felony sex offenses committed against AB, who at the time of the offenses was his 12 year old stepdaughter. In April 1992, AB disclosed to her school nurse that Roberts was again sexually abusing her. Following an investigation, the State charged Roberts with two counts of rape of a child in the third degree and one count of child molestation in the third degree. Roberts then disappeared until he was apprehended in Texas in 2012 and brought to trial.

¶3 The jury found Roberts guilty of all three counts. The trial court imposed standard range sentences, and as part of the judgment and sentence notified Roberts of the following:

> Property may have been taken into custody in conjunction with this case. Property may be returned to the rightful owner. Any claim for return of such property must be made within 90 days. After 90 days, if you do not make a claim, property may be disposed of according to law.

Clerk's Papers (CP) at 119. Below this, the trial court wrote in "Forfeit any items seized by law enforcement." CP at 119. Roberts appeals his convictions and the forfeiture order.

## ANALYSIS

¶4 Roberts argues that the trial court acted without statutory authority when it ordered forfeiture of all property law enforcement seized. We agree.

¶5 A trial court has no inherent power to order forfeiture of property in connection with a criminal conviction. *State v. Alaway*, 64 Wn. App. 796, 800, 828 P.2d 591 (1992). The authority to order forfeiture of property as part of a judgment and sentence is purely statutory. *Alaway*, 64 Wn. App. at 800. We review de novo whether the trial court had statutory authority to impose a sentencing condition. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

¶6 Here, the trial court did not provide any statutory authority for its forfeiture order. The State also does not attempt to argue that the trial court had statutory authority to forfeit seized property. Accordingly, we have no basis on which we can affirm the trial court's order.

¶7 The State argues that CrR 2.3(e) allows a defendant to move at any time for the return of seized property, and that Roberts failed to do so. But CrR 2.3(e) does not provide any statutory authority for forfeiture of seized property. And even if CrR 2.3(e) somehow authorized forfeiture, that rule applies only to property seized in an

*unlawful* search. There is no indication that any property here was seized in an unlawful search.

¶8 The State relies on *State v. McWilliams*, in which we held that the trial court did not abuse its discretion in ordering the forfeiture of seized property. 177 Wn. App. 139, 152, 311 P.3d 584 (2013), *review denied*, 179 Wn.2d 1020 (2014). However, in that case the defendant apparently did not argue that the trial court had no statutory authority to forfeit seized property. Instead, the defendant argued that the trial court *exceeded* its statutory authority by ordering forfeiture without procedural due process. *McWilliams*, 177 Wn. App. at 149. We noted that the ability to move for return of the property under the provisions of his judgment and sentence and under CrR 2.3(e) afforded him due process. *McWilliams*, 177 Wn. App. at 150-51. In addition, we pointed out that the defendant had not even asserted a possessory interest in the property. *McWilliams*, 177 Wn. App. at 152. But we did not hold that the trial court could order forfeiture in the absence of statutory authority.

¶9 We hold that the State has not shown that the trial court had statutory authority to order forfeiture of the seized property. Therefore, the trial court erred in ordering forfeiture and the forfeiture provision must be stricken from Roberts's judgment and sentence.

¶10 We affirm Roberts's convictions, but remand to strike the phrase "[f]orfeit any items seized by law enforcement" from the judgment and sentence.

¶11 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, A.C.J., and MELNICK, J., concur.