**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47613-4-II |
| Respondent, | |
| v. | |
| MICHAEL J. TREVINO, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Michael J. Trevino appeals the forfeiture provision in his judgment and sentence.[1]  We hold that the sentencing court lacked the statutory authority to order a forfeiture. We reverse and remand to the sentencing court with instructions to strike the forfeiture provision and amend the judgment and sentence.

FACTS

Trevino pleaded guilty to multiple felonies on April 13, 2015.  At sentencing, the State presented a joint sentencing recommendation, including a provision requiring that Trevino "forfeit of items in property."  Verbatim Report of Proceedings (VRP) (4/20/15) at 4.  The parties negotiated and agreed to the joint sentencing recommendation and the sentencing conditions; Trevino did not object.  The sentencing court adopted the joint sentencing recommendation, entered the judgment and sentence, and included a forfeiture provision in section 4.4(a), which read, "All property is hereby forfeited."  Clerk's Papers (CP) at 64.  Nothing in the record indicates

---

[1] This matter was initially considered by a commissioner of this court pursuant to RAP 18.14 and subsequently referred to a panel of judges.

what property, if any, law enforcement seized, or what property was subject to the forfeiture provision. Trevino appeals the forfeiture provision in his judgment and sentence.

## ANALYSIS

### I. INVITED ERROR

The State argues that the invited error doctrine precludes review because Trevino negotiated over, agreed to, and presented the sentencing court with a joint sentencing recommendation that included forfeiture of Trevino's property. We disagree.

If a defendant knowingly and voluntarily set up the error through some affirmative action, the invited error doctrine precludes appellate review. *State v. Phelps*, 113 Wn. App. 347, 353, 57 P.3d 624 (2002). But the invited error doctrine does not preclude review of an illegally imposed sentence, "even if [the] defendant agree[d] to the sentence." *State v. Mercado*, 181 Wn. App. 624, 631, 326 P.3d 154 (2014).

### II. FAILURE TO OBJECT

Generally, a failure to object below to an assigned error precludes appellate review. RAP 2.5(a). But illegal sentences may be challenged for the first time on appeal. *State v. Ford*, 137 Wn.2d. 472, 477, 973 P.2d 452 (1999), *superseded by statute on other grounds*. Trevino assigns error to the forfeiture provision and his failure to object below does not preclude our review.

III. FORFEITURE

The State argues that the record is insufficient for our review because Trevino (1) failed to identify any seized property and (2) failed to file a motion under CrR 2.3(e).[2] We disagree.

A statute must authorize a sentencing court's forfeiture of a defendant's property because sentencing courts have no inherent power to order the forfeiture of a defendant's property. *State v. Roberts*, 185 Wn. App. 94, 96, 339 P.3d 995 (2014). We review de novo whether the sentencing court had the statutory authority to impose a sentencing condition. *State v. Armendariz,* 160 Wn.2d 106, 110, 156 P.3d 201 (2007). In *State v. Roberts*, we reversed the forfeiture provision in the defendant's judgment and sentence because the State failed to provide statutory authority for the forfeiture and the sentencing court lacked statutory authority to order the forfeiture. *Roberts*, 185 Wn. App. at 96-97.

The State has the burden to prove that the sentencing court had statutory authority to include a forfeiture provision in the defendant's judgment and sentence. *Roberts*, 185 Wn. App. at 96-97. Therefore, it is the State's burden to produce a record that factually supports its claim.

A defendant's failure to file a motion under CrR 2.3(e) does not preclude our review of this issue.[3] *See Roberts*, 185 Wn. App. at 96 (exercising review of whether there was statutory authority for forfeiture despite defendant's failure to file a motion under CrR 2.3(e)). Whereas

---

[2] CrR 2.3(e) provides a defendant the opportunity to file a motion for an evidentiary hearing where ownership of unlawfully seized property is contested between the defendant and the State.

[3] In *Robert*s, we rejected the same argument made by the State because CrR 2.3(e) does not statutorily authorize *any* kind of forfeiture. *Roberts*, 185 Wn. App. at 96-97.

CrR 2.3(e) resolves the question of ownership of seized property, we resolve the question of whether there is statutory authority for a forfeiture provision. CrR 2.3(e).

The record does not indicate that the State cited any authority to the sentencing court to authorize the forfeiture provision; however, on appeal the State now cites RCW 10.105.010 as the authority for the forfeiture provision. Under RCW 10.105.010, a defendant's personal property that was (1) used "in the commission of, or in aiding or abetting in the commission of[,] any felony" or (2) acquired for, during, or as a result of any felony is subject to forfeiture. RCW 10.105.010(1). The State also must meet certain procedural requirements under RCW 10.105.010(3)-(5), such as giving the owner proper notice.

But nothing in the record indicates what property of Trevino's, if any, was seized or subject to the forfeiture provision or whether the procedural requirements of RCW 10.105.010(3)-(5) were met. RCW 10.105.010 does not authorize the forfeiture provision here because the State fails to show that the forfeiture provision only applied to (1) property connected to Trevino's commission of the felonies that he pleaded guilty to and (2) that the procedural requirements of RCW 10.105.010(3)-(5) were met.

Because the sentencing court lacked the statutory authority for the forfeiture provision, we hold that the sentencing court erred in ordering the forfeiture of Trevino's property. We reverse and remand to the sentencing court with instructions to strike the forfeiture provision and amend the judgment and sentence.

No. 47613-4-II

CONCLUSION

We reverse and remand to the sentencing court with instructions to strike the forfeiture provision and amend the judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

BJORGEN, C.J.

MELNICK, J.

5