# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47478-6-II |
| Respondent, | |
| v. | |
| HARVEY S. JOHNSON, | UNPUBLISHED OPINION |
| Appellant. | |

J. SUTTON — Harvey S. Johnson pleaded guilty to one count of assault in the third degree with sexual motivation and four counts of assault in the third degree. He appeals a provision of his judgment and sentence ordering the forfeiture of contraband. Because the forfeiture is specifically limited to contraband, the trial court had the authority to order the forfeiture. Accordingly, we affirm.

## FACTS

Harvey Johnson pleaded guilty to one count of assault in the third degree with sexual motivation and four counts of assault in the third degree. His judgment and sentence includes a handwritten provision noting "forfeit contraband." Clerk's Papers (CP) at 149. And, provision 4.4a, which reads "all contraband is hereby forfeited," is checked. CP at 149. Johnson appeals only the order that he forfeit contraband.

ANALYSIS

Johnson argues that the trial court exceeded its sentencing authority by ordering him to forfeit contraband because there is no statute specifically authorizing the trial court to order forfeiture. Johnson is incorrect. While the trial court lacks the authority to order forfeiture of *property* without a statute, Washington law recognizes the trial court's authority to order forfeiture of *contraband*. Accordingly, we affirm.

"[A] court may refuse to return seized property no longer needed for evidence only if (1) the defendant is not the rightful owner; (2) the property is contraband; or (3) the property is subject to forfeiture pursuant to statute." *State v. Alaway*, 64 Wn. App. 796, 798, 828 P.2d 591 (1992). Contraband is "an object, 'the possession of which, without more, constitutes a crime.'" *Alaway*, 64 Wn. App. at 799 (quoting *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 85 S. Ct. 1246, 1250, 14 L. Ed. 2d 170 (1965)). Here, the provision in Johnson's judgment and sentence very clearly designates that the property to be forfeited is limited to contraband. Accordingly, the forfeiture is permitted under *Alaway*. We affirm the judgment and sentence.

Johnson relies on *State v. Roberts*, 185 Wn. App. 94, 339 P.3d 995 (2014), to argue that the trial court exceeded its authority. However, *Roberts* does not apply here. *Roberts* dealt with a trial court's order forfeiting "any items seized by law enforcement." 185 Wn. App. at 96. The forfeiture at issue in *Roberts* was much broader than the forfeiture in Johnson's case and encompasses more than simply contraband. Therefore, the forfeiture provision in *Roberts* exceeded the limitations imposed on the courts in *Alaway*. But, *Roberts* does not control here because the forfeiture provision in Johnson's judgment and sentence is limited to contraband.

No. 47478-6-II

Because the forfeiture provision in Johnson's judgment and sentence is limited to contraband, the trial court did not exceed its authority to order forfeiture as established in *Alaway*. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

LEE, J.

3