128

[No. 47326-7-II.   Division Two.   March 14, 2017.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN A. RIVERA, *Appellant*.

*Kathryn A. Russell Selk* (of *Russell Selk Law Office*), for appellant.

*Mark E. Lindquist*, *Prosecuting Attorney*, and *Thomas C. Roberts*, *Deputy*, for respondent.

¶1  BJORGEN, C.J. — Kevin Rivera appeals his convictions for second degree assault and third degree malicious mischief and his sentencing condition forfeiting property.

¶2  In the published portion of this opinion, we hold that (1) the trial court lacked statutory authority to impose the sentencing condition forfeiting property. In the unpublished portion, we hold that (2) Rivera waived his claim of improper elicitation of opinion testimony by failing to object, (3) the State did not misstate the law relating to intent, (4) the State did not shift the burden of proof, and (5) Rivera's counsel did not render ineffective assistance. Accordingly, we affirm Rivera's convictions but reverse and remand his sentence to the trial court to strike the forfeiture condition.

## FACTS

¶3  On September 20, 2014, Alicia Clements arrived at Rivera's home to serve him papers concerning a civil matter. Clements exited her vehicle to tape the documents to a post near Rivera's driveway. While Clements was

posting the paperwork, Rivera and his wife came out the front door and into the driveway. Rivera yelled at Clements that she was trespassing and needed to leave.

¶4 As Clements was getting back into her car, Rivera took down the documents Clements had posted and approached her car in order to return them. In the process of returning the documents, Rivera shattered the driver's side window on Clements's car, causing glass to cascade into the car and onto the street, and injuring both Rivera and Clements in the process. Clements claimed that her window was completely rolled up and that Rivera had deliberately punched through the window with the documents in hand, striking her twice with his fist in the process. Rivera stated that Clements's window was still open when he returned the documents, but that because Clements was attempting to roll up her window, his fingers caught the edge of the window, causing it to shatter. Both Rivera and Clements called 911, and Pierce County Sheriff's Deputies Montgomery Minion and Jonathan Collins responded to the incident. Deputy Minion ultimately arrested Rivera for assault.

¶5 The State charged Rivera with second degree assault by battery under RCW 9A.36.021(1)(a), felony harassment, and third degree malicious mischief. At trial, Rivera conceded that he had broken Clements's window but argued he did so accidentally rather than intentionally.

¶6 The State called Deputy Minion and Clements as witnesses. The prosecutor questioned Deputy Minion about his arrest of Rivera and questioned Clements about whether Rivera's conduct appeared accidental to her. Defense counsel did not object to this questioning. In closing argument, the State challenged Rivera's credibility and argued that his claim that his physical conduct was accidental was belied by the evidence presented at trial, including Rivera's intentional acts just before breaking the window. Defense counsel did not object to this argument.

¶7 The jury convicted Rivera of second degree assault and third degree malicious mischief. As part of his sentence,

Rivera was required to forfeit "[a]ll property." Clerk's Papers at 74. Rivera appeals.

## ANALYSIS

### FORFEITURE

¶8 Rivera argues that the trial court lacked authority to order property forfeiture as a sentencing condition. We agree.

¶9 We review whether the trial court had statutory authority to impose a sentencing condition de novo. *State v. Roberts*, 185 Wn. App. 94, 96, 339 P.3d 995 (2014). A trial court has no inherent power to order forfeiture of property in connection with a criminal conviction. *Id.* The authority to order forfeiture of property as part of a judgment and sentence is purely statutory. *Id.* The State has the burden to show that the trial court had statutory authority to order the forfeiture. *Id.* at 96-97.

¶10 The State argues that we should decline to consider Rivera's challenge because he has not identified any property that was improperly seized and he failed to make a CrR 2.3(e) motion. We recently considered and rejected an identical argument in an unpublished case, *State v. Trevino*, No. 47613-4-II (Wash. Ct. App. July 12, 2016) (unpublished), https://www.courts.wa.gov/opinions /pdf/D2%2047613-4-II%20Unpublished%20Opinion.pdf. In *Trevino*, the defendant challenged the property forfeiture condition of his judgment and sentence. *Id.* at 1. The State responded by arguing that the record was insufficient for review because Trevino had failed to identify any seized property or file a motion under CrR 2.3(e). *Id.* at 2. We disagreed, explaining that under *Roberts*, the State had the burden to produce a record demonstrating that the sentencing court had statutory authority to include a forfeiture provision in the appellant's judgment and sentence. *Id.* at 3. Because the State could not demonstrate that the trial

court had the authority to order forfeiture, we reversed the trial court and remanded to strike the forfeiture condition. *Id.* at 2-4.

¶11  In this case, the State makes the same arguments as it did in *Trevino* and does not cite any statute that would authorize the trial court to order forfeiture as a sentencing condition. Therefore, we hold that the trial court erred by ordering forfeiture of seized property as a sentencing condition.

¶12  A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

JOHANSON and MELNICK, JJ., concur.

Review denied at 188 Wn.2d 1023 (2017).