IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49228-8-II |
| Respondent, | |
| v. | |
| HAROLD SPENCER GEORGE, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Harold George appeals a provision of his sentence requiring forfeiture of all property after being convicted of four counts of second degree rape of a child and one count of second degree child molestation. George argues, and the State concedes, that the trial court had no statutory authority to order that he forfeit any seized property. We accept the State's concession and remand to the trial court to strike the language in George's sentence ordering forfeiture of property.

FACTS

George was charged and convicted of four counts of second degree rape of a child and one count of second degree child molestation during a jury trial in 2014. George's judgment and sentence included the boilerplate language "[a]ll property is hereby forfeited." Clerk's Papers at 25.

George appealed, and this court affirmed George's conviction, but remanded the case for resentencing. George was resentenced on July 15, 2016. George's judgment and sentence included the same boilerplate forfeiture language. George now appeals only the forfeiture provision of his sentence.

ANALYSIS

George argues, and the State concedes, that the trial court erred when it ordered George to forfeit all property as part of his judgment and sentence. We agree and accept the State's concession.

This court reviews whether a trial court had statutory authority to impose a sentencing condition de novo. *State v. Rivera*, https://www.courts.wa.gov/opinions, No. 47326-7-II, slip op. at 3 (Wash. Ct. App. March 14, 2017) (citing *State v. Roberts*, 185 Wn. App. 94, 96, 339 P.3d 995 (2014)). A trial court has no inherent power to order forfeiture of property in connection with a criminal conviction. *Roberts*, 185 Wn. App. at 96. The authority to order forfeiture of property as part of a judgment and sentence is purely statutory and the State has the burden to show that the trial court had statutory authority to order the forfeiture. *Roberts*, 185 Wn. App. at 96-97.

This court resolved the issue of forfeiture as a condition of sentence in *Rivera* slip op. at 3. There, Rivera was convicted of second degree assault and third degree malicious mischief, and as part of his sentence was ordered to "forfeit '[a]ll property.'" *Rivera*, slip op. at 1. We held that the State failed to show that the sentencing court had statutory authority to require forfeiture of property and we reversed and remanded the case to the sentencing court to strike the forfeiture condition. *Rivera*, slip op. at 16.

Similarly here, the trial court ordered forfeiture of property without statutory authority. Therefore, we accept the State's concession and hold that the trial court erred by ordering forfeiture of seized property as a sentencing condition.

No. 49228-8-II

## APPELLATE COSTS

George requests that this court decline to impose appellate costs because he is indigent. On January 31, 2017, RAP 14.2 was amended to provide that appellate costs will not be awarded if a commissioner of this court determines that the party against whom costs are sought does not have the current or likely future ability to pay such costs. Because George's ability to pay costs on appeal may be addressed by a commissioner of this court, we decline to exercise our discretion to waive appellate costs in this decision terminating review. RAP 14.2; RCW 10.73.160(1).

We remand to the trial court to strike the language ordering forfeiture of George's property.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Johanson, J.

3