# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50474-0-II |
| Respondent, | |
| v. | |
| ANDREW RAYMOND FORREST, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — This case stems from an accident where Andrew Forrest's vehicle struck a motorcycle driven by Jared Knight, causing Knight to sustain life-ending injuries. The jury found Forrest guilty of two counts of vehicular homicide. Count one is based on the jury's finding that Forrest was driving his vehicle in a reckless manner (RCW 46.61.520(1)(b)) and count two is based on the jury's finding that Forrest was driving his vehicle with disregard for the safety of others (RCW 46.61.520(1)(c)). Forrest appeals, alleging (1) ineffective assistance of counsel, (2) prosecutorial misconduct, (3) cumulative error, (4) improper forfeiture, and (5) double jeopardy violation for the two counts of vehicular homicide. In his statement of additional grounds for review (SAG), Forrest also alleges ineffective assistance of counsel, prosecutorial misconduct, and double jeopardy violation. And in his supplemental brief, Forrest alleges the sentencing court improperly imposed a $200 filing fee as part of his legal financial obligations (LFOs).

The State concedes error on both the double jeopardy and LFO issues. We accept the State's concessions, and remand for the trial court to amend the judgment and sentence to vacate count two of vehicular homicide, correct the forfeiture section, and strike the criminal filing fee; we affirm all other aspects of Forrest's conviction.

FACTS

While driving on Highway 3 near Silverdale, multiple witnesses observed a motorcycle, driven by Knight travelling in the left lane. Witnesses observed two sports cars quickly approach from the rear. Forrest drove one of the cars, a Dodge Stealth. The other driver is unknown. The two cars were "kind of jockeying for position and trying to pass." 2 Report of Proceedings (RP) at 152.

They passed the witnesses' vehicles at a "very high rate of speed." 2 RP at 152. The two vehicles then closed in on the motorcycle. They moved into the right lane to pass the motorcycle. The motorcycle and two vehicles then went around a curve and the witnesses could not see them. One of the witnesses heard an engine revving and thought it was the motorcycle's; the witness then turned the corner and saw sparks as the motorcycle was spinning across the roadway. Knight was airlifted to the hospital where he later died from injuries received in the accident.

Forrest stopped at the accident; the other driver did not. Forrest told the investigating officer that after he passed the motorcycle, he moved back into the motorcycle's lane. The motorcycle then sped up and hit the back of Forrest's vehicle.

The State charged Forrest with two counts of vehicle homicide: count one was based on reckless driving and count two was based on driving in disregard to the safety of others.

During trial, John Huntington, a senior investigator analyst for the Attorney General's Office's Environmental Crime Section, testified to his investigation results of the accident. Huntington did not think Knight ran into Forrest's bumper from behind because there was no damage to the back of Forrest's car and there was a large gouge on the side of one of Forrest's car's tires. These facts would be inconsistent with a rear-end collision caused by Knight.

Washington State Patrol Trooper Alisha Gruszewski also testified. When asked why she was at the scene, she stated that she was responding to "a report of racing vehicles." 4 RP at 350. The State also offered exhibit 47, which is a photograph of what you see when looking in Forrest's vehicle's side view mirror. Forrest did not object.

Washington State Patrol Detective Rodney Green testified that while investigating the accident he observed a long straight skid mark caused by Knight's braking. Green opined that this skid mark was inconsistent with Forrest's claim that Knight sped up and hit the back of Forrest's vehicle; he also opined that Knight would have been able to stop in an upright position if he had not been hit from the side.

Regarding the mystery driver, Green testified that police attempted to locate the driver without success and that he suspected Forrest knew the driver. He based his suspicion on several factors, including that Forrest was part of a car club and that sports car owners tend to be in the same car clubs like a club for "the Fast-and-the-Furious-type cars." 5 RP at 512. Green continued by testifying that there are many different types of car clubs and that he looked for "[s]ouped up cars. That kind of culture" during his investigation. 5 RP at 513.

Green testified that based on his investigation, Forrest ran into Knight from the side as Forrest made an "evasive lane [change]." 5 RP at 572. Green testified that the engine revving sound that one of the witnesses testified to could have been one of the other vehicles or could have been the motorcycle going down and the motorcycle's throttle being partially stuck open.

Green also testified that he believed he had probable cause to arrest Forrest based on the witnesses' accounts of what happened. Green testified that he concluded that the witnesses' statements supported the idea that Forrest had been driving with disregard for the safety of others and had been driving recklessly. Defense Counsel did not object.

In his defense, Forrest called one witness, Steve Harbinson, an accident reconstruction expert. Harbinson concluded that Knight suddenly accelerated at the same time that Forrest changed lanes, causing his motorcycle to hit Forrest's car. Harbinson concluded that Green had underestimated the motorcycle's speed because he used the wrong formula for Forrest's lane change.

During closing remarks, the State argued "[Forrest] does not get to shrug his shoulders and point the blame at [Knight]. Outrageous. He does not get to do that. He has to be held accountable for the choices that he made. The choice he made to completely ignore the risk to [Knight] on the road that night." 6 RP at 803-04. Defense counsel did not object.

Defense counsel did not propose a jury instruction that conduct is not the proximate cause of death if death is caused by a superseding, intervening event.

The jury found Forrest guilty of both counts of vehicular homicide. During sentencing, the court stated, "First of all, we need to explain some things . . . it is only one count that is being convicted—or being sentenced today because there was one crime that occurred under two alternative theories, but the two alternative theories moved together for one count as was being

convicted . . . as a sentence is concerned being carried forward, which is the reckless manner, which is Count I." RP (May 26, 2017) at 32-33. However, on the judgment and sentence the court listed both counts of vehicular homicide under "Current Offense(s)." Clerk's Papers (CP) at 97. Based on an offender score of 0, the court sentenced Forrest to 26 months for count one.

The court also checked the box on Forrest's judgment and sentence that stated "**FORFEITURE**—Forfeit all seized property subject to forfeiture under RCW 9.41.098 or RCW 69.50.505." CP at 103. The court also ordered Forrest to pay a $200 filing fee. The court entered orders of indigency both before trial and after sentencing. Forrest appeals.

## ANALYSIS

### I. INEFFECTIVE ASSISTANCE OF COUNSEL

Forrest first claims that he received ineffective assistance of counsel because his attorney failed to request a jury instruction that conduct is not the proximate cause of death if death is caused by a superseding intervening event and failed to object to certain testimony from Green. We disagree.

#### A. Standard of Review

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Estes*, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). We review ineffective assistance of counsel claims de novo. *Estes*, 188 Wn.2d at 457.

To prevail on a claim of ineffective assistance of counsel, the defendant must show both that defense counsel's representation was deficient and that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). There is a strong presumption that counsel's representation was effective. *State v. Brett*, 126 Wn.2d 136, 198, 892

P.2d 29 (1995). Representation is deficient if, after considering all the circumstances, the performance falls "'below an objective standard of reasonableness.'" *Grier*, 171 Wn.2d at 33 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Legitimate trial strategy or tactics cannot serve as the basis for a claim of ineffective assistance of counsel. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Prejudice exists if there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458.

B.      Jury Instruction

Forrest argues that since evidence existed that Knight accelerated and struck Forrest's car, causing his own death, then defense counsel's performance was deficient for not proposing a superseding, intervening act instruction. We disagree.

To show that a defendant received ineffective assistance of counsel based on counsel's failure to request a particular jury instruction, the defendant must show both that he was entitled to the instruction and that the result of the proceedings would have been different. *In re Pers. Restraint of Cross*, 180 Wn.2d 664, 718, 327 P.3d 660 (2014), *abrogated on other grounds by State v. Gregory*, 192 Wn.2d 1, 427 P.3d 621 (2016). A party is entitled to an instruction when evidence exists in the record to support the party's theory. *State v. Hughes*, 106 Wn.2d 176, 191, 721 P.2d 902 (1986).

Here, the State charged Forrest with vehicular homicide under RCW 46.61.520. Under this statute, a person is guilty of vehicular homicide when a person dies "as a proximate result of injury proximately caused by the driving of any vehicle by any person." RCW 46.61.520(1). "[A] defendant's conduct will not be considered a proximate cause of the harm if a superseding cause

intervenes." *State v. Frahm*, 3 Wn. App. 2d 812, 819, 418 P.3d 215 (2018), *aff'd*, 193 Wn.2d 590, 444 P.3d 595 (2019).

Applicable to vehicular assault, 11A WASHINGTON PRACTICE: PATTERN JURY INSTRUCTIONS: CRIMINAL 90.08, at 261 (4th ed. 2016) states:

> If you are satisfied beyond a reasonable doubt that the [[act] [or] [omissions]] [driving] of the defendant was a proximate cause of [the death] . . . it is not a defense that the [conduct] [driving] of [the deceased] . . . may also have been a proximate cause of the death.
>
> [However, if a proximate cause of [the death] . . .was a new independent intervening act of [the deceased] . . . [or] [another] which the defendant, in the exercise of ordinary care, should not reasonably have anticipated as likely to happen, the defendant's act is superseded by the intervening cause and is not a proximate cause of the death. . . . An intervening cause is an action that actively operates to produce harm to another after the defendant's [acts] [or] [omission] has been committed [or begun].]

This instruction "defines the interplay of proximate cause and superseding intervening cause." *State v. Imokawa*, 194 Wn.2d 391, 395, 450 P.3d 159 (2019).

Here, one of the witnesses heard an engine revving and thought it was the motorcycle's, prior to the witness turning a corner and seeing the motorcycle spinning across the roadway. Forrest's expert testified that based on his investigation, Knight suddenly accelerated at the same time that Forrest changed lanes, causing his motorcycle to hit Forrest's car.

Assuming this evidence is enough to show Forrest was entitled to a superseding intervening act instruction and defense counsel was deficient for not requesting it, Forrest still cannot show ineffective assistance of counsel because he cannot show that the result of the proceedings would have been different.

During trial, Huntington testified to his investigation results. In Huntington's opinion, Knight did not run into Forrest's bumper from behind because there was no damage to the back of Forrest's car and there was a large gouge on the side of one of Forrest's car's tires. These facts would be inconsistent with a rear-end collision caused by Knight. Additionally, Green testified that based on his investigation, Forrest ran into Knight from the side as Forrest made an "evasive lane [change]." 5 RP at 572. Green came to this conclusion based in part on his observation of a long skid mark showing Knight was braking not accelerating. Green also testified that the engine revving sound that one of the witnesses testified to could have been one of the other vehicles or could have been the motorcycle going down and the motorcycle's throttle being partially stuck open.

Based on the strength of the State's case, it is unlikely the outcome of the trial would have been any different if counsel requested a superseding intervening act instruction. For this reason, Forrest fails to show the prejudice prong of his ineffective assistance of counsel claim; therefore, his claim fails.

C. Green's Testimony

Forrest next argues he received ineffective assistant of counsel because defense counsel did not object to Green's testimony regarding membership in clubs for "'the Fast-and-the-Furious-type cars'" and Green's testimony regarding the veracity of others. Br. of Appellant at 15 (quoting 5 RP at 512). We disagree.

Where a claim of ineffective assistance of counsel is based on defense counsel's failure to object, the defendant must show that the objection likely would have been sustained. *State v. Fortun-Cebada*, 158 Wn. App. 158, 172, 241 P.3d 800 (2010). Further, the "decision whether to object is a classic example of trial tactics, and only in egregious circumstances will the failure to

object constitute ineffective assistance of counsel." *State v. Kolesnik*, 146 Wn. App. 790, 801, 192 P.3d 937 (2008).

        1.      Car Club Testimony

Forrest argues defense counsel should have objected to Green's testimony that Forrest was a member of a car club under the First Amendment, ER 404(b), and ER 403. We disagree.

The First Amendment protects freedom of association; ER 404(b) relates to the inadmissibility of prior bad acts, and ER 403 relates to the inadmissibility of an event where the probative value is outweighed by the danger of unfair prejudice.

Here, the State asked Green about investigative efforts to find the mystery car. During Green's investigation, he learned that Forrest belonged to a car club. The detective explained that the club involved a certain kind of cars which he described as "Fast-and-the-Furious-type cars." 5 RP at 512.

Even assuming a basis existed for defense counsel to object to this testimony under the First Amendment, ER 404(b), or ER 403, defense counsel's decision not to object would be a classic example of trial tactic. *Kolesnik*, 146 Wn. App. at 801. Defense counsel clearly did not want to call any further attention to Forrest's membership in this car club.

Moreover, even assuming counsel's performance was deficient, Forrest cannot show prejudice given the strength of the State's evidence. Multiple witnesses testified that Forrest and the mystery car appeared to be racing; they were passing the motorcycle on the right when they went around a corner, and Huntington's and Green's investigation reports, which were admitted at trial, support vehicular homicide. It is unlikely the trial outcome would be any different. For this reason, Forrest's ineffective assistance of counsel claim regarding counsel's failure to object to the State's evidence that Forrest belonged to a car club fails.

2.      Opinion on Veracity

Forrest next argues defense counsel should have objected to Green's testimony that he believed probable cause existed to arrest Forrest for vehicular homicide based on the witnesses' accounts of the accident and Green's testimony that he did not believe that Forrest did not know the driver of the other vehicle. We disagree.

Under ER 701, a witness may testify "in the form of opinions or inferences" that is "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." Nonetheless, "there are some areas that are clearly inappropriate for opinion testimony in criminal trials." *State v. Montgomery*, 163 Wn.2d 577, 591, 183 P.3d 267 (2008). "Among these are opinions, particularly expressions of personal belief, as to the guilt of the defendant, the intent of the accused, or the veracity of witnesses." *Montgomery*, 163 Wn.2d at 591.

Here, Green testified to his investigation of the accident. He interviewed multiple witnesses. He testified that the consistency of the witnesses' statements was a factor in deciding whether there was probable cause to arrest Forrest. He also testified that he thought it was odd that Forrest, who was a member of a car club, would not be able to identify the other sports car, and that his unwillingness to describe the vehicle might have meant he knew the driver. This testimony is proper opinion or inference testimony. Moreover, defense counsel's decision to not object to this testimony would be clearly tactical as to not call attention to these facts.

Nevertheless, even if counsel was deficient for not objecting, Forrest cannot establish prejudice. As discussed above, multiple witnesses testified that Forrest and the mystery car appeared to be racing; they were passing the motorcycle on the right when they went around a corner, and the investigation reports support vehicular homicide. It is unlikely the trial outcome

would be any different. For this reason, Forrest's ineffective assistance of counsel claim regarding counsel's failure to object to Green's testimony fails.

II. PROSECUTORIAL MISCONDUCT

Forrest argues that the prosecutor committed misconduct by misstating the law and the State's burden of proof. We disagree.

A. Standard of Review

"Prosecutorial misconduct may deprive a defendant of his constitutional right to a fair trial." *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 703-04, 286 P.3d 673 (2012). An appellant claiming prosecutorial misconduct must demonstrate that the prosecutor's conduct was both improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). When a defendant fails to object to the improper comments at trial, the defendant must also show that the comments were "so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *Emery*, 174 Wn.2d at 760-61.

It is misconduct for a prosecutor to misstate the law. *State v. Allen*, 182 Wn.2d 364, 373, 341 P.3d 268 (2015). Similarly, it is misconduct for the prosecutor to misstate the State's burden of proof. *State v. Lindsay*, 180 Wn.2d 423, 434, 326 P.3d 125 (2014). However, the prosecutor "has wide latitude in drawing and expressing reasonable inferences from the evidence." *State v. Rodriguez-Perez*, 1 Wn. App. 2d 448, 458, 406 P.3d 658 (2017), *review denied*, 190 Wn.2d 1013 (2018).

B. Misstatement of Law and Burden of Proof

Forrest argues that the prosecutor misstated the law and relieved the State of its burden of proof by stating, "[Forrest] does not get to shrug his shoulders and point the blame at [Knight]. Outrageous. He does not get to do that. He has to be held accountable for the choices that he

made. The choice he made to completely ignore the risk to [Knight] on the road that night." 6 RP at 803-04.

This comment is based on the overwhelming evidence that Forrest drove recklessly on the night of the accident and is not an improper misstatement of the law. Moreover, the prosecutor did not relieve the State of its burden of proof by arguing that the jury should hold him accountable. It is not improper for a prosecutor to state "that the defendant will be set free or held to account by a jury's decision; that is indeed the jury's responsibility and function." *State v. McNallie*, 64 Wn. App. 101, 111, 823 P.2d 1122 (1992), *aff'd*, 120 Wn.2d 925, 846 P.2d 1358 (1993). Thus, Forrest fails to demonstrate improper argument. For these reasons, Forrest's prosecutorial misconduct argument fails.

III.    CUMULATIVE ERROR

Forrest next argues that the alleged multiple instances of ineffective assistance of counsel and prosecutorial misconduct constituted cumulative error, which requires a new trial. Under the cumulative error doctrine, reversals is required where the combined effect of several nonreversible errors denied the defendant of a fair trial. *State v. Davis*, 175 Wn.2d 287, 345, 290 P.3d 43 (2012), *abrogated on other grounds by Gregory*, 192 Wn.2d 1. Because we conclude that no ineffective assistance of counsel or prosecutorial misconduct occurred, we reject Forrest's argument.

IV.    FORFEITURE

Forrest next contends that the sentencing court erred by marking the box on Forrest's judgment and sentence that states "**FORFEITURE**—Forfeit all seized property subject to forfeiture under RCW 9.41.098 or RCW 69.50.505." CP at 103. We agree.

A sentencing court must have statutory authority before ordering forfeiture on a defendant's judgment and sentence. *State v. Roberts*, 185 Wn. App. 94, 96, 339 P.3d 995 (2014).

Forrest's judgment and sentence references two statutes: RCW 9.41.098 refers to weapons and RCW 69.50.505 refers to all monies, negotiable instruments, and/or other proceeds or assets acquired from proceeds of sales of controlled substances. But, there is nothing in our record to show there was any property seized or the sentencing court's intent to order forfeiture. Therefore, we conclude the checked box on the judgment and sentence is a clerical error. The remedy for a clerical error in a judgment and sentence is to remand to the trial court for correction. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016). We, therefore, remand for correction of the judgment and sentence.

V.      DOUBLE JEOPARDY

Forrest next argues that his two vehicular homicide convictions violate double jeopardy. The State concedes that the offenses were charged in the alternative and count two should be stricken from the judgment and sentence. We accept the State's concession.

Washington's double jeopardy clause offers the same scope of protection as that provided by the federal double jeopardy clause. *State v. Muhammad*, 194 Wn.2d 577, 615-16, 451 P.3d 1060 (2019). Both prohibit "multiple punishments for the same offense imposed in the same proceeding." *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 49, 75 P.3d 488 (2003). We review double jeopardy claims de novo. *State v. Villanueva-Gonzalez*, 180 Wn.2d 975, 979-80, 329 P.3d 78 (2014). The appropriate remedy for a double jeopardy violation is to vacate the offending convictions. *State v. Knight*, 162 Wn.2d 806, 810, 174 P.3d 1167 (2008).

The jury found Forrest guilty of both counts of vehicular homicide. The court then sentenced Forrest to 26 months solely on count one, but on the judgment and sentence the court listed both counts of vehicular homicide under "Current Offense(s)." CP at 97.

13

Although the trial court merged the two convictions for sentencing purposes and expressly sentenced Forrest for only one conviction, a conviction carries an onus that, in and of itself, constitutes punishment for purposes of double jeopardy analysis. *State v. Womac*, 160 Wn.2d 643, 656-61, 160 P.3d 40 (2007); *State v. Turner*, 169 Wn.2d 448, 455, 238 P.3d 461 (2010). Accordingly, we accept the concession of error and remand for vacation of count two.

## VI.    LFOs

Forrest argues, and the State agrees, that due to the 2018 amendments to the LFO statutes, we should strike the $200 criminal filing fee on his judgment and sentence.

Legislative amendments to the LFO statutes in 2018 prohibit sentencing courts from imposing a criminal filing fee on indigent defendants. RCW 36.18.020(2)(h); *State v. Ramirez,* 191 Wn.2d 732, 746-747, 426 P.3d 714 (2018). There is no dispute that Forrest is indigent. Therefore, we accept the State's concession and remand for the trial court to strike the criminal filing fee.

## VII.    SAG ISSUES

In his SAG, Forrest alleges ineffective assistance of counsel, prosecutorial misconduct, and double jeopardy violation. Other than his double jeopardy argument, which we have already addressed, we are unpersuaded by Forrest's arguments.

A.      Ineffective Assistance of Counsel

Forrest first argues he was denied effective assistance of counsel because counsel only called one witness and there are several other witnesses, including Forrest, who would have testified for the defense. He also alleges counsel only called one witness so the trial would end sooner. Forrest relies on matters outside our record. We do not know what these witnesses would have testified to or why they were not called. If Forrest has evidence outside the record regarding these witnesses, his remedy is to file a personal restraint petition (PRP) with the supporting evidence. *State v. Turner*, 167 Wn. App. 871, 881, 275 P.3d 356 (2012).

Forrest next argues that counsel rendered ineffective assistance by not objecting to Gruszewski's testimony that she was at the scene based on "a report of racing vehicles." 4 RP at 350. Forrest argues this testimony violated a motion in limine but does not direct this court to which motion in limine he is referring to. Our record shows a motion in limine to exclude the word "racing" when referring to the victim's driving. Nevertheless, even assuming it was error for defense counsel to not object to this testimony, Forrest still cannot show ineffective assistance of counsel because he cannot show that the result of the proceedings would have been different given the strength of the State's evidence as we discussed previously.

Forrest also alleges Gruszewski wrongly testified that Forrest was "jockeying for position." SAG at 2. However, there is no such testimony from Gruszewski in our record. We, therefore, decline to address this issue further.

Forrest next argues that counsel rendered ineffective assistance by not objecting to exhibit 47. The State offered exhibit 47, which is a photograph of Forrest's vehicle's side view mirror. Again, even assuming it was error to not object to the photograph, Forrest still cannot show

ineffective assistance of counsel because he cannot show that the result of the proceedings would have been different given the strength of the State's evidence.

Forrest next argues that defense counsel rendered ineffective assistance by not objecting to Green's testimony regarding the truthfulness of witnesses and a club for "Fast-and-the-Furious-type cars." 5 RP at 512. These issues were adequately addressed by counsel and will not be reviewed further. *See* RAP 10.10(a); *State v. Thompson*, 169 Wn. App. 436, 492-93, 290 P.3d 996 (2012) (allegations of error that have been adequately addressed by counsel are not proper matters for an SAG).

B.      Prosecutorial Misconduct

Forrest next argues that the prosecutor committed misconduct by comparing him to a dog. Our record does not contain any reference to the prosecutor calling Forrest a dog. Forrest references the prosecutor mentioning "Oakley," but does not explain how that amounts to prosecutorial misconduct. SAG at 3. If Forrest has evidence outside our record that would establish prosecutorial misconduct, his remedy is to file a PRP with the supporting evidence. *Turner*, 167 Wn. App. at 881. Without more, we decline to address this issue further.

C.      Double Jeopardy

Forrest lastly contends his judgment and sentence wrongly lists both convictions in violation of double jeopardy principles. Because this argument has been adequately addressed by counsel, we decline to address it further. RAP 10.10; *Thompson*, 169 Wn. App. at 492-93.

16

We affirm Forrest's conviction on count one for vehicular homicide and remand for the trial court to amend the judgment and sentence to vacant count two of vehicular homicide, correct the forfeiture section, and strike the criminal filing fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Worswick, J.

_____
Lee, A.C.J.