[No. 38096-6-I.   Division One.   July 28, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. AUDIE DANIELS, *Appellant.*

---

[10]*State v. Bostrom*, 127 Wn.2d 580, 587, 902 P.2d 157 (1995).

*Gregory C. Link* of *Washington Appellate Project*, for appellant.

*David S. McEachran, Prosecuting Attorney, Laura D. Hayes, Deputy*, and *Tracey L. Meek, Special Deputy*, for respondent.

BECKER, J. — Actual battery is one of three ways of committing assault. A jury convicted Audie Daniels of two counts of second degree assault of a child committed by actual battery. Daniels did not request an instruction defining battery, but now contends the court's failure to give one was manifest constitutional error. We reject this argument, holding the definition was not an element of the crime. We also reject Daniels' contention that the trial court erroneously permitted testimony concerning an uncharged incident. We therefore affirm.

## FACTS

Audie Daniels and M.C. shared a home from May 1994 to April 1995. During that time Daniels would often care for M.C.'s two young children while she was at work.

While M.C. was at work one day in June of 1994, and Daniels was caring for the children, S, the younger one, was injured. S, a toddler born on June 1, 1993, had two black eyes, bruises on her face, neck, and back of her head, and blood on her ears. At the time, Daniels told the mother the child's injuries resulted from a fall in the toy room. A doctor who treated the injuries testified, however, that a single blow was unlikely to produce such injuries, and he believed the linear bruising represented a grip mark. This incident was the basis of the first charged assault.

The second charged incident happened in January of 1995, when the child's leg was injured. Again, the mother was at work and Daniels was at home with S. Daniels explained to the mother that S twisted her ankle when she jumped from a couch. He also said he had spanked the child and set her down real hard. In fact, she had fractured bones at the ankle. The treating doctor testified this type of injury is unusual for a child of 19 months. She further testified the injury was inconsistent with a twisting movement, but was more consistent with an inversion or eversion of the ankle caused by a sideways movement of the

ankle. Given the child's age and light weight, such an injury would require some additional load or force.

## ASSAULT INSTRUCTION

The Supreme Court has recognized three forms of assault in Washington:

> (1) an attempt, with unlawful force, to inflict bodily injury upon another [attempted battery]; (2) an unlawful touching with criminal intent [actual battery]; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is capable of inflicting that harm [common law assault].[1]

This case involves assault committed by the second means, actual battery. The issue presented in this appeal is whether the definition of battery is an element of the crime.

The State charged Daniels with two counts of assault of a child in the second degree. The pertinent statute, RCW 9A.36.130, does not define "assault." Rather, it references the second degree assault statute:

> (1) A person eighteen years of age or older is guilty of the crime of assault of a child in the second degree if the child is under the age of thirteen and the person:
>
> (a) Commits the crime of assault in the second degree, as defined in RCW 9A.36.021, against a child; . . . .[2]

The referenced second-degree assault statute also does not define "assault":

> (1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

---

[1]*State v. Wilson*, 125 Wn.2d 212, 218, 883 P.2d 320 (1994) (quoting *State v. Bland*, 71 Wn. App. 345, 353, 860 P.2d 1046 (1993)) (bracketed material added in *Wilson*).

[2]RCW 9A.36.130 (in part).

(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or . . .[3]

At the close of trial, the judge instructed the jury with the statutory language. On each count the judge instructed the jury that to convict Daniels it must find the State proved beyond a reasonable doubt:

1. That during the [charging period] the defendant committed the crime of Assault in the Second Degree against [S];

2. That the defendant was 18 years of age or older and [S] was under the age of 13;

3. That the acts occurred in the State of Washington.[4]

The second degree assault instruction also tracked the language of the statute:

A person commits the crime of ASSAULT IN THE SECOND DEGREE when he intentionally assaults another and thereby recklessly inflicts substantial bodily harm.[5]

The court defined the term "intentionally":

A person acts with intent or intentionally when acting

---

[3]RCW 9A.36.021. The remainder of the statute, not relevant in the present case, reads as follows:

(b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or

(c) Assaults another with a deadly weapon; or

(d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison, the human immunodeficiency virus as defined in chapter 70.24 RCW, or any other destructive or noxious substance; or

(e) With intent to inflict bodily harm, exposes or transmits human immunodeficiency virus as defined in chapter 70.24 RCW; or

(f) With intent to commit a felony, assaults another; or

(g) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture.

(2) Assault in the second degree is a class B felony.

[4]Instructions 4 and 5.

[5]Instruction 7.

with the objective or purpose to accomplish a result which constitutes a crime.[6]

And the court defined the term "recklessly":

A person is reckless or acts recklessly when he or she knows of and disregards a substantial risk that a wrongful act may occur and the disregard of such substantial risk is a gross deviation from conduct that a reasonable person would exercise in the same situation.

Recklessness also is established if a person acts intentionally.[7]

The jury found Daniels guilty on both counts.

On appeal Daniels objects to the assault instruction for the first time. He contends that when the State charges assault by actual battery, a definition of battery is an element of the charge, and the court therefore erred in failing to give a definition of battery.

Although his brief does not propose what he would consider to be an appropriate instruction, Daniels at oral argument referred to WPIC 35.50, a pattern instruction furnishing a definition of actual battery:

[An assault is an intentional [touching] [or] [striking] [or] [cutting] [or] [shooting] of another person that is harmful or offensive [regardless of whether any physical injury is done to the person.] [A [touching] [or] [striking] [or] [cutting] [or] [shooting] is offensive, if the [touching] [or] [striking] [or] [cutting] [or] [shooting] would offend an ordinary person who is not unduly sensitive.]]

The usage note following WPIC 35.50 recommends using this definition in a case of battery.

■ Absence of an element from the instructions renders the verdict less than complete and the judgment revers-

---

[6]Instruction 8.

[7]Instruction 9.

ible.[8] If the definition of actual battery is an element of assault by battery, Daniels was denied a jury verdict on this element and this court can review the alleged error under RAP 2.5(a)(3) as manifest error affecting a constitutional right.

Here, the trial court did not fail to instruct the jury on the statutory elements of the crime. The instruction told the jury it must find Daniels committed second degree assault. It informed them of all the statutory elements of second degree assault.

Daniels, however, contends instructing solely in the language of the statute is inadequate to inform the jury of all the elements of assault. For this proposition he relies on *State v. Byrd*[9] and *State v. Eastmond*.[10] These cases are inapposite because they do not address assault committed by actual battery. Rather, they hold that the other two forms of assault require a specific intent not detailed in the statutes. Assault by attempted battery requires the specific intent to cause bodily injury; assault by attempt to cause fear and apprehension of injury requires the specific intent to do so.[11]

It is manifest constitutional error to permit a jury to convict a defendant of the other two forms without instructing them on the specific intent.[12] Assault by battery, in contrast, does not require specific intent to inflict substantial bodily harm or cause apprehension.[13] The statutory language suffices to set forth the required mental state.

Daniels maintains, however, that just as specific intent is a common-law element of the other two forms of as-

---

[8]*State v. Smith*, 131 Wn.2d 258, 266, 930 P.2d 917 (1997).

[9]*State v. Byrd*, 125 Wn.2d 707, 887 P.2d 396 (1995).

[10]*State v. Eastmond*, 129 Wn.2d 497, 919 P.2d 577 (1996).

[11]*State v. Eastmond*, 129 Wn.2d at 500.

[12]*Byrd*, 125 Wn.2d at 713.

[13]*State v. Esters*, 84 Wn. App. 180, 184-85, 927 P.2d 1140 (1996), *review denied*, 131 Wn.2d 1024 (1997).

sault, a definition of battery is a common-law element of assault by battery. We have found no authority supporting this assertion. The WPIC definition is exactly that—a definition. It does not add an element to those contained in the instructions given. "The word 'assault' is not exclusively of legal cognizance, and an understanding of its meaning can fairly be imputed to laymen. Where the legislature has not defined a term, we must give it its everyday meaning."[14] The everyday understanding of "assault" encompasses assault by actual battery.

In some cases, when a definitional instruction is requested to avoid confusion, it may be error to refuse to give the instruction. This does not make the definition an element on which an instruction must be given in every case.

Daniel contends the jury may not have understood "assault" to mean actual battery, i.e., a touching or hitting. He argues a reasonable juror could have understood the undefined term "assault" to mean what it means in the other two forms of the crime—assault by attempting to inflict harm, or assault by causing apprehension of harm. He suggests a juror could have voted for conviction on the second count, doubting Daniels touched the child, but believing Daniels frightened the child into falling off the couch and hurting herself.

Given the evidence in this case, we do not perceive there was a realistic danger that a juror would find Daniels recklessly inflicted substantial bodily harm without believing there was an actual battery. But if the defendant at the close of the evidence feared such confusion was possible, he should have asked for a definitional instruction at that time. In the absence of objection below, since the definition of battery is not an element, the assignment of instructional error is not subject to review.

---

[14]*State v. Pawling*, 23 Wn. App. 226, 233, 597 P.2d 1367 (1979) (citation omitted).

## ER 404(b) OBJECTION

Daniels also assigns error to the trial court's admission of evidence of other abuse of S by Daniels. The mother testified that in October of 1994, a few months after the charged June incident, she noticed new bruises and swelling on S's head. The bruises appeared on the evening of a day that Daniels had been home alone with the child. The bruising was in similar locations to the June bruising. She also testified that one of the child's eyes was starting to be bloodshot. When she asked Daniels what happened, Daniels said "he had to spank her and he spanked her all the way up the stairs and she had banged her head off of each step." Daniels made timely objection to this evidence.

ER 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The trial court admitted the evidence to show intent, knowledge, and absence of mistake or accident. The trial court also determined that under ER 403 it did not find "any prejudice to the defendant that is meant by the evidence rule and none has really been pointed out to the court."

As to knowledge, the State was required to show that Daniels recklessly inflicted substantial bodily harm.[15] The jury was instructed that a person acts "recklessly" when he "knows of and disregards a substantial risk."[16] Though the evidence was admitted before the defense had shown it would dispute that element, the State nevertheless had the burden of proving that element. The evidence

---

[15]Instruction 7.

[16]Instruction 9.

was therefore properly admitted to show Daniels' knowledge of the risk of the harm. And it was relevant to prove his later conduct was reckless, since it tended to show he should have learned that such extreme discipline of a young child can cause injury. As to intent, the challenged evidence shows that Daniels intentionally disciplined the child excessively, with repeated physical strikes.

■ This court reviews for abuse of discretion the trial court's ER 403 weighing of probative value and unfair prejudice.[17] The similarity of the uncharged acts to the charged conduct was undoubtedly prejudicial, but the similarity is also what makes the evidence relevant to show intent and recklessness, and thus we do not view the resulting prejudice as "unfair." The evidence did not paint the defendant in any worse light than had already been cast upon him by evidence of the charged crimes, nor did it introduce extraneous and irrelevant considerations about his character. We conclude the trial court did not abuse its discretion in finding the probative value outweighed the danger of unfair prejudice.

Affirmed.

KENNEDY, A.C.J., and COLEMAN, J., concur.

Review denied at 133 Wn.2d 1031 (1998).

[17]*State v. Lough*, 125 Wn.2d 847, 863, 889 P.2d 487 (1995).