# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53024-4-II |
| Respondent, | |
| v. | |
| ROBERT LEWIS SHAW, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Following a bench trial, the trial court found Robert Lewis Shaw guilty of assault in the second degree and malicious mischief in the first degree. Shaw appeals, arguing sufficient evidence does not support his assault conviction. Shaw further alleges the trial court improperly imposed a community custody supervision fee as part of Shaw's legal financial obligations (LFOs). In his statement of additional grounds (SAG), Shaw alleges numerous instances of ineffective assistance of counsel.

We affirm Shaw's convictions, but remand for the trial court to review whether the community custody supervision fee should be stricken from Shaw's judgment and sentence.

## FACTS[1]

On March 20, 2018, John Gibson drove his vehicle westbound on State Route (SR) 12 in the left lane, with Shaw following him in a truck. There were many cars on the road, it was foggy,

---

[1] The following facts rely in part on the trial court's findings of fact, which, with the exception of findings of fact 4 and 5, are unchallenged and therefore verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

and traffic was moving slowly. Shaw was angry at the slow pace of traffic and verbally expressed his frustration.

After a truck travelling ahead of Gibson moved to the right lane, Shaw closed the distance between him and Gibson. Gibson could not go any faster because another car was ahead of him.

Gibson tapped his breaks. Shaw intentionally rear-ended Gibson's car three times. After Gibson pulled over, Shaw pulled in front of Gibson's vehicle, put his truck in reverse, and intentionally struck Gibson's vehicle again. Gibson's airbag deployed. As a result of the collision, Gibson suffered injuries to his back, shoulder, and neck. His vehicle was totaled.

The State charged Shaw with assault in the second degree and malicious mischief in the first degree. Shaw waived his right to a jury trial and the matter proceeded to a bench trial.

The court admitted exhibit 1, a recording from Shaw's dashboard camera, without objection. It shows Shaw's extreme anger at Gibson for not driving fast enough. Shaw neared Gibson's back bumper and said, "C'mon. Don't go slower or I will push your f***ing car, mother f***er." Ex. 1. Gibson tapped his brakes, which angered Shaw more. Shaw stated, "Hey, man, you wanna hit your brakes in the fast lane?" Ex 1. Shaw then accelerated, striking Gibson's vehicle from behind three times. The video shows Gibson pull over to the left shoulder. Shaw went to the right shoulder and while still angry, cursed at Gibson. Shaw then crossed two lanes of traffic, pulled in front of Gibson, put his truck in reverse, and rammed into the front of Gibson's vehicle.

Two motorist who witnessed the events testified. Danielle Hooper observed Shaw driving "inches away" from Gibson before rear-ending him. Report of Proceedings (RP) (Oct. 18, 2018) at 30. Kristopher Kay observed Gibson parked on the left shoulder. He then saw Shaw pull in front of Gibson, put his vehicle in reverse, and strike Gibson's car. Gibson appeared dazed. Kay

2

saw Shaw get out of his truck and walk towards Gibson "very aggressively." RP (Oct. 18, 2018) at 37. Concerned for Gibson's safety, Kay pulled over and called 911.

Gibson also testified, stating that he tapped his brakes while Shaw tailgated him. Shaw then struck the back of Gibson's vehicle three times. Gibson pulled off to the left shoulder while Shaw initially drove to the right shoulder. Shaw then crossed the highway to the left shoulder and stopped in front of Gibson's car. Shaw put his truck in reverse and "slammed" into Gibson's vehicle, causing the airbags to deploy. RP (Oct. 18, 2018) at 48.

Following the bench trial, the court entered findings of fact, including:

4.

[Gibson] tapped his brakes when [Shaw's] truck neared his rear bumper, as evidenced by the illumination of his brake lights. However, this action did not cause a collision. In response to [Gibson's] brake lights, [Shaw] stated that his intent was to hit [Gibson's] car. [Shaw] then accelerated, and intentionally came into contact with the back of [Gibson's] vehicle. When [Shaw's] car hit [Gibson's] car, [Shaw] continued to accelerate to keep on [Gibson's] bumper. This contact caused major damage to [Gibson's] back bumper, and caused pieces to fall off the car, as observed by motorists Danielle Hooper and [Kristopher] Kay.

[Gibson] reports feeling [Shaw's] vehicle pushing his own three times, which is consistent with the video. [Gibson] felt like he was going to lose control of his vehicle due to the impact.

5.

[Gibson] was able to separate his car from [Shaw's]. [Gibson] then moved his damaged vehicle to the left hand shoulder. [Shaw] moved to the right hand shoulder, then crossed two lanes of traffic to enter the left hand shoulder. [Shaw] then shifted into reverse and accelerated with the intention of ramming [Gibson's] vehicle. [Shaw] did ram [Gibson's] vehicle intentionally and maliciously, causing more damage to [Gibson's] vehicle.

Clerk's Papers (CP) at 98.

The court concluded that Shaw "intentionally assaulted [Gibson] with his motor vehicle" and that the vehicle was "a deadly weapon." CP at 100. The court found Shaw guilty.

The court sentenced Shaw to 4 months of incarceration with 12 months of community custody. The court ordered Shaw to pay community custody "supervision fees as determined by [the Department of Corrections]." CP at 105. During the sentencing hearing, the court stated, "To me [Shaw] remains indigent, so we'll just impose the . . . required assessment." RP (Dec. 3, 2018) at 25. The court also found Shaw indigent for purposes of appeal. Shaw appeals.

ANALYSIS

## I.    SUFFICIENCY OF THE EVIDENCE

Shaw first contends that sufficient evidence does not support his assault in the second degree conviction because he lacked the intent to cause physical injury or to cause fear of bodily injury. Shaw challenges findings of fact 4 and 5. We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). Following a bench trial, we review a trial court's ruling to determine whether substantial evidence supports the trial court's contested findings of fact and whether the findings of fact support the conclusions of law. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). We treat findings of fact supported by substantial evidence and unchallenged findings of fact as verities on appeal. *Homan,* 181 Wn.2d at 106. We review de novo challenges to the trial court's conclusions of law. *Homan*, 181 Wn.2d at 106.

In a sufficiency of the evidence claim, the defendant admits the truth of the evidence, and the court views the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the State. *Cardenas-Flores,* 189 Wn.2d at 265-66. Credibility determinations

are made by the trier of fact and are not subject to review. *Cardenas-Flores,* 189 Wn.2d at 266. Circumstantial and direct evidence are equally reliable. *Cardenas-Flores*, 189 Wn.2d at 266.

To prove assault in the second degree, the State needed to prove beyond a reasonable doubt that Shaw intentionally assaulted Gibson with a deadly weapon. RCW 9A.36.021(1)(c). There are three common law definitions of assault: "'(1) an attempt, with unlawful force, to inflict bodily injury upon another; (2) an unlawful touching with criminal intent; and (3) putting another in apprehension of harm whether or not the actor intends to inflict or is incapable of inflicting that harm.'" *Clark v. Baines*, 150 Wn.2d 905, 908 n.3, 84 P.3d 245 (2004) (internal quotation marks omitted) (quoting *State v. Aumick*, 126 Wn.2d 422, 426 n.12, 894 P.2d 1325 (1995)).

Shaw contends his actions were not intentional. "'[Intent] can be inferred as a logical probability from all the facts and circumstances.'" *State v. Yarbrough*, 151 Wn. App. 66, 87, 210 P.3d 1029 (2009) (quoting *State v. Wilson*, 125 Wn.2d 212, 217, 883 P.2d 320 (1994)).

In *State v. Baker*, 136 Wn. App. 878, 882, 151 P.3d 237 (2007), the defendant saw a police officer on a motorcycle in a parking lot and accelerated towards the motorcycle. The officer jumped off the motorcycle right before Baker hit the front end. *Baker*, 136 Wn. App. at 882. We affirmed the assault in the second degree conviction, concluding that "[a]ssault by actual battery consists of an intentional touching or striking . . . [t]herefore, the State need show only the intention to touch or strike, not the intent to injure." *Baker*, 136 Wn. App. at 883-84.

Here, the State showed intention to strike. The dashboard camera recording and the witnesses' testimony provide substantial evidence to support findings of fact 4 and 5. The findings of fact support the conclusions of law and sufficient evidence supports Shaw's conviction for assault in the second degree.

53024-4-II

II.     LFOs

Shaw next argues that the trial court erred in requiring him to pay "supervision fees as determined by [the Department of Corrections]." CP at 105. He contends that RCW 10.01.160 prohibits the imposition of costs on an indigent defendant.

Shaw was indigent throughout the trial court proceedings and remains indigent on appeal. However, it is unclear whether the court knew that the supervision fees were discretionary. Accordingly, we remand to the trial court to review whether the community custody supervision fee should be stricken from Shaw's judgment and sentence.

III.    SAG Issues[2]

Shaw asserts numerous instances of alleged ineffective assistance of counsel. We reject his claims.

To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient and (2) that the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Representation is deficient if, after considering all the circumstances, "it falls 'below an objective standard of reasonableness.'" *State v. Estes*, 188 Wn.2d 450, 458, 395 P.3d 1045 (2017) (quoting *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). Generally, a court will not find ineffective assistance of counsel if the actions of counsel complained of go to the theory of the case or to trial tactics. *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Prejudice exists if there is a reasonable probability that, but for counsel's error, the result of the proceeding

---

[2] Shaw attaches three documents to his SAG in support of his arguments, but the documents are not in our record. RAP 10.3(a)(8) provides, "An appendix may not include materials not contained in the record on review without permission from the appellate court." Accordingly, documents not included in our record will not be considered.

6

would have been different. *Estes*, 188 Wn.2d at 458. It is not enough that ineffective assistance conceivably impacted the case's outcome; the defendant must affirmatively show prejudice. *Estes*, 188 Wn.2d at 458.

A.      Ground One–Additional Video

Under this assertion, Shaw alleges that a separate video with additional recordings from his dashboard camera, shows he was calm and not the aggressor and shows there were other witnesses on the highway that could have proven his innocence. Shaw apparently alleges defense counsel's performance was deficient for not presenting this evidence at trial. Shaw filed a motion to supplement our record with this additional video and we granted the motion for the limited purpose of addressing Shaw's SAG issues.

After reviewing the supplemental recording, there is no showing that defense counsel's performance was deficient for not introducing additional evidence or calling additional witnesses. The recording shows Shaw calm before driving on the highway, but his anger quickly escalated. Even if Shaw could show deficient performance, he fails to explain how the result of the proceeding would have been different. *Estes*, 188 Wn.2d at 458. Here, the dashboard camera recording and the testimony from Hooper, Kay, and Gibson all provide overwhelming evidence that Shaw intended to strike Gibson when he rear-ended Gibson three times and then pulled in front of Gibson, put his vehicle in reverse, and smashed into Gibson's vehicle again. Because Shaw cannot show prejudice, his claims of ineffective assistance of counsel relating to the supplemental recording fail.

B.      Ground One–Additional Evidence

Shaw also contends in ground one that counsel rendered ineffective assistance because he neglected to present evidence at trial that Shaw's vehicle was a Dodge Dakota long box, 5-speed manual transmission truck with split differentials; did not research whether Gibson was using his handbrake to slow his vehicle while driving on the highway; did not introduce evidence regarding the insurance claim following the accident; and did not introduce evidence that Shaw is a public employee.  All of these arguments rely entirely on matters outside our record; therefore, we do not address them.

C.      Ground Two–Failure to Present Evidence

Shaw raises additional allegations of ineffective assistance of counsel in ground two, arguing defense counsel failed to present evidence of Shaw's medical conditions, counsel's law partner made inappropriate comments to Shaw, counsel was not diligent because Gibson was a fellow defense attorney, counsel discussed confidential matters in public, counsel provided a "kangaroo court" defense, counsel should have admitted evidence that Shaw does not struggle with anger management, and counsel did not properly advise Shaw how to get his truck out from impound.  SAG at 3.  Similar to his arguments in ground one, Shaw's assertions under ground two rely entirely on matters outside the record.  For this reason, we do not address them further.

We affirm but remand for the trial court to review whether the community custody supervision fees should be stricken from Shaw's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Sutton, A.C.J.

_____
Cruser, J.