

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36765-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TREVOR J. HAUGEN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Trevor Haugen appeals his convictions for first degree unlawful possession of a firearm and possession of an unlawful weapon, arguing both that the evidence was insufficient and that he received ineffective assistance of counsel. We affirm.

FACTS

While searching for a wanted individual, Spokane officers observed a man walk down an alley through the snow. The officers tracked the footprints through the snow to a recently discarded bag. The bag contained an illegal short-barrel shotgun. Officers followed the footprints to Mr. Haugen, whose shoe prints matched those leaving the bag.

Mr. Haugen made statements post-arrest that the bag contained his firearm, which he intended to sell.

The court convicted Mr. Haugen on the two noted charges at a bench trial and entered written findings as required by CrR 6.1. At sentencing, Mr. Haugen personally asked the court to appoint new counsel and continue the sentencing hearing. The court declined the two requests. Mr. Haugen instructed his attorney not to speak on his behalf. Counsel complied. The prosecutor recommended a drug offender sentencing alternative (DOSA), but Mr. Haugen personally declined to support a DOSA. The court then imposed a standard range sentence.

Mr. Haugen timely appealed to this court. A panel considered his appeal without hearing argument.

## ANALYSIS

This appeal presents arguments of insufficient evidence and ineffective assistance of counsel. We consider those claims in the order noted.

*Sufficiency of the Evidence*

Mr. Haugen contends that the court did not have sufficient evidence, independent of his admission, that he possessed the sawed-off shotgun. We disagree.

"Following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-106, 330 P.3d 182 (2014).

"'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Id*. at 106. Unchallenged factual findings are verities on appeal. *State v. Baker*, 136 Wn. App. 878, 880, 151 P.3d 237 (2007). In reviewing insufficiency claims, the appellant necessarily admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Finally, this court defers to the finder of fact's resolution of conflicting evidence and credibility determinations. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

No one can possess a sawed-off shotgun. RCW 9.41.190(1)(a). Mr. Haugen challenges the sufficiency of the evidence to establish that he *possessed* the illegal firearm. Possession may be actual or constructive. "Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods." *State v. Callahan*, 77 Wn.2d 27, 28, 459 P.2d 400 (1969).

This was a circumstantial case of actual possession. Police trailed Mr. Haugen over freshly fallen snow. They discovered a bag containing a short-barrel shotgun placed on the fresh snow. They followed a set of footprints leading from the bag to Mr. Haugen. One officer confirmed that Haugen's shoes made the tracks they were following. Mr. Haugen admitted that the gun was his and that he intended to sell it. From this evidence,

3

the trial court easily could confirm that Mr. Haugen was the one who possessed the illegal weapon.

Mr. Haugen further argues that the court should not have considered his admission without the corpus delicti of the offense having first been established. Before admitting a defendant's "confession" to the crime, the State must first establish that the crime actually was committed. *State v. Brockob*, 159 Wn.2d 311, 327-328, 150 P.3d 59 (2006). That was easily satisfied here. The corpus of the crime was the illegal shotgun. No one can possess them, but someone recently had abandoned the bag with the gun. A crime had been committed.

Mr. Haugen's admission that the gun was his was corroborated by the remaining evidence. The statement was properly admitted into evidence and supported the bench verdict. The evidence of possession was sufficient to support both convictions.

*Ineffective Assistance of Counsel*

Mr. Haugen next argues that his counsel performed ineffectively by failing to request a continuance of the sentencing hearing in order to facilitate bringing new counsel on board. Mr. Haugen clearly invited the "error" he now claims existed.

Typically, to prevail on a claim of ineffective assistance, a criminal defendant has to show both that his attorney erred so significantly that he failed to live up to the

4

standards of the profession and that the error prejudiced the client.[1]  *Strickland v. Washington*, 466 U.S. 668, 688-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995).  Review is highly deferential and we engage in the presumption that counsel was competent; moreover, counsel's strategic or tactical choices are not a basis for finding error.  *Strickland*, 466 U.S. at 689-691.  While counsel normally controls tactical decisions, defendants have a constitutional right to control their own defense.  *In re Pers. Restraint of Jeffries*, 110 Wn.2d 326, 333-334, 752 P.2d 1338 (1988).  Defense counsel is not ineffective for the defendant's voluntary decisions that contradict counsel's defense strategy.  *Id*. at 332-333.

Although *Jeffries* is sufficient to explain why the ineffective assistance claim would fail, there is a more basic reason to reject Mr. Haugen's argument.  Counsel did exactly what he was directed to do—take no further part in the proceedings.  In that circumstance, the doctrine of invited error precludes our review of this claim.  A party simply cannot take action and then claim prejudicial error from their own decision.  *E.g*., *State v. Studd*, 137 Wn.2d 533, 545-549, 973 P.2d 1049 (1999).

---

[1] Since the trial court repeatedly was advised of Mr. Haugen's desire for a continuance, it is difficult to understand why the trial court would have reached a different outcome simply because counsel also asked for an extension.  The merits of the request were before the court.

5

No. 36765-7-III
*State v. Haugen*

That is the case here. Defense counsel stopped speaking for Mr. Haugen when requested to do so. Mr. Haugen cannot assign error to counsel following that directive. Any error was invited.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.

6