IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37387-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| A.M.S., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — AMS appeals from a juvenile disposition determining that she

committed first degree arson. Because the evidence supports the determination, we affirm.

FACTS

AMS and SS, both juveniles, were married and had an infant son. SS leased a

mobile home for the couple at a Pullman trailer park, but AMS also stayed with her child

at her parents' homes. On the morning of May 21, 2019, she called SS from her mother's

home to say that she and the child would be coming to visit. The couple had "split up" a

few weeks earlier, but continued to see each other.

Before her arrival, SS made breakfast on the stove, turned off the burner, and

placed the pan in the sink. He then retreated to his "man cave," a shed outside the trailer,

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

along with a young female friend, KG. There were six to eight bags of trash in the trailer near the stove because garbage service had not yet been arranged.

AMS posted a message that morning on her Facebook account that SS would "get what's coming" to him. She appeared at the door of the shed and tried to "pick a fight" with SS. During that time, she was holding a plastic lighter in her hand and flicking it on and off. When another friend arrived, SS and KG went to join him to smoke cigarettes near KG's car. AMS returned to the trailer and subsequently left with SS's dog as if she were taking it for a walk. After she walked away, the three smokers noticed flames break out in the kitchen of the trailer. When the three loudly noted the event, AMS started running away from the trailer park. SS entered the trailer and discovered that the fire extinguisher was not where he had left it the day before. The fire severely damaged the trailer.

Detective Michael Sontgerath found AMS shortly after the fire. Before he could ask her any questions, she asked him what was going on with SS. AMS told the detective that SS had physically abused her and that she had anger issues. When asked about the fire, AMS responded by talking about SS's abusive behavior.

Sergeant Christopher Engle, at that time a detective, saw AMS later that day. He described her as extremely upset and decided not to speak with her. He interviewed AMS the following day after arranging for her to meet him at the police station. She told Engle that the others were bad-mouthing her that morning and that she was extremely sad

2

and resentful. She also stated that SS had struck her in the face and, later, kicked her out of the shed. She also was unhappy because of his unfaithfulness and failure to participate in household chores. While she was thinking of these things, she was staring at the large pile of trash bags and holding a lighter in her hand. However, she never admitted to starting a fire.

Two certified fire investigators concluded that the fire was incendiary—i.e., arson. On cross-examination, the lead fire investigator, Anthony Nuttman of the Pullman Police Department, decided he no longer could say that the fire was incendiary. However, Fire Marshall Darren Jones of the Washington State University Police Department, remained confident that the fire was incendiary.

The trial judge, the Honorable Gary Libey, concluded that the fire was arson and committed by AMS. He determined that the fire started next to the stove and that AMS had the "means, motive, and opportunity" to start the fire. He determined that she lit the garbage bags on fire due to her anger at SS; this action caused the trailer to burn. Judge Libey expressly found Fire Marshall Jones's "very confident" testimony to be credible. There was no reasonable alternative theory presented.

The court entered a downward manifest injustice disposition. Appropriate findings were entered. AMS then timely appealed to this court. A panel considered the appeal without conducting argument.

3

No. 37387-8-III
*State v. A.M.S.*

ANALYSIS

Pointing to the testimony of the lead fire investigator, AMS argues that the evidence was insufficient to support the bench verdict. However, the focus of an appellate court is on the evidence supporting the verdict. Properly viewed, the evidence supported the trial court's ruling.

Familiar standards guide our review here. "Following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-106, 330 P.3d 182 (2014). "'Substantial evidence' is evidence sufficient to persuade a fair-minded person of the truth of the asserted premise." *Id*. at 106. Unchallenged factual findings are verities on appeal. *State v. Baker*, 136 Wn. App. 878, 880, 151 P.3d 237 (2007). In reviewing insufficiency claims, the appellant necessarily admits the truth of the State's evidence and all reasonable inferences drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Finally, this court must defer to the finder of fact in resolving conflicting evidence and credibility determinations. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

A person commits the crime of first degree arson, as charged in this case, when she knowingly and maliciously causes a fire or explosion which is (a) manifestly dangerous to a human life or (b) which damages a dwelling. RCW 9A.48.020(1)(a), (b).

4

No. 37387-8-III
*State v. A.M.S.*

The trial court's findings here determined that AMS violated section (b) by knowingly and maliciously causing a fire which damaged a dwelling. Clerk's Papers at 21.

AMS contends that the evidence was insufficient in light of Fire Marshall Nuttman's testimony that he no longer was confident that an incendiary fire had occurred. However, Judge Libey found the testimony of Fire Marshall Jones credible, and Jones was quite confident that an incendiary fire had occurred. He dismissed the defense's hypothetical causes, leading Judge Libey to do the same.

Since the focus of appellate review is on the evidence *supporting* the verdict, the testimony of Fire Marshall Jones supports the trial court's determination. Thus, the evidence was sufficient to support the judgment.

The disposition is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.

5