# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57031-9-II |
| Respondent, | |
| v. | |
| ZACHERY Z. HANSEN, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Zachery Z. Hansen appeals his convictions for two counts of attempted second degree assault. Hansen argues there was insufficient evidence supporting the trial court's guilty finding. We disagree and affirm.

## FACTS

On an early morning in June 2021, Hansen tampered with a car belonging to his ex-girlfriend, Rebekah Boucher, by loosening the lug nuts that attached one of the wheels to the car. While driving the car with her five-year-old daughter, Boucher was notified by law enforcement that the lug nuts had been tampered with (law enforcement officers had been monitoring Boucher's parking area). Boucher stopped driving, and the lug nuts were tightened.

The State charged Hansen with two counts of attempted second degree murder and two counts of attempted first degree assault. Hansen waived his right to a jury trial, and a bench trial was held in May 2022.

Following the bench trial, the superior court entered written findings of fact and conclusions of law.[1] The superior court found that, on June 4, 2021, Boucher notified Detective Travis Brown that her car had been tampered with. Boucher had found nails propped under her car's tires and her car's front license plate was missing. Boucher then drove away with her child in the vehicle.

Based on prior incidents of Boucher's car being tampered with, the police department had installed a surveillance camera near where Boucher parked her vehicle. Detective Brown reviewed the surveillance video and identified a man who appeared to be Hansen tampering with the vehicle by loosening the lug nuts. Detective Brown called Boucher to notify her of what was on the video.

Boucher immediately stopped the vehicle and called her father for help. Boucher and her father discovered multiple lug nuts on the vehicle had been loosened. Later, Boucher identified Hansen on the surveillance video. From the testimony, the superior court found that Hansen was the person who loosened the lug nuts on Boucher's vehicle.

Based on its findings of fact, the superior court concluded, "[b]y tampering with Ms. Boucher's car, specifically by loosening the lug nuts, the Defendant turned the motor vehicle into a deadly weapon." Suppl. Clerk's Papers (CP) at 147. The superior court also concluded that

---

[1] Hansen assigns error to the superior court's failure to enter written findings of fact and conclusions of law. However, the superior court entered written findings of fact and conclusions of law on February 7, 2023, two months before Hansen filed his opening brief on April 6, 2023. The superior court's delay is not explained in our record, but the eventual entry of the findings and conclusions makes Hansen's assignment of error meritless.

And because the findings of fact were entered prior to counsel filing her briefing, counsel could have assigned error to the superior court's findings of fact but failed to do so. Accordingly, we consider the unchallenged findings of fact verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

Hansen intended to assault Boucher and her child and took a substantial step toward assaulting them with a deadly weapon—the motor vehicle.

The superior court found Hansen guilty of two counts of attempted second degree assault, a lesser included offense of the charged attempted first degree assault. The superior court sentenced Hansen to a high-end standard range sentence of 12.75 months' confinement.

Hansen appeals.

ANALYSIS

Hansen argues that there was insufficient evidence to prove that he intended to assault Boucher and her daughter. We disagree.

Evidence is sufficient to support a guilty verdict if, after viewing the evidence in the light most favorable to the State, any rational trier of fact could find that all of the elements of the crime charged were proven beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). Following a bench trial, our review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings of fact support the conclusions of law. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Unchallenged findings of fact are verities on appeal. *Id.* at 106. We review whether the findings of fact support the conclusions of law de novo. *Id.*

When a defendant challenges the sufficiency of the evidence, he admits the truth of the State's evidence, and all reasonable inferences drawn from that evidence are to be construed in favor of the State. *Cardenas-Flores*, 189 Wn.2d at 265-66. In a sufficiency of the evidence determination, both circumstantial and direct evidence are equally reliable. *Id.* at 266.

"Washington recognizes three definitions of assault derived from the common law: (1) an attempt to inflict bodily injury upon another with unlawful force, (2) an unlawful touching with criminal intent, and (3) putting a person in apprehension of harm with or without the intent or present ability to inflict harm." *State v. Baker*, 136 Wn. App. 878, 883, 151 P.3d 237 (2007), *review denied*, 162 Wn.2d 1010 (2008). A person is guilty of second degree assault if they, under circumstances not amounting to assault in the first degree, assaults another with a deadly weapon. RCW 9A.36.021(1)(c). A vehicle is a deadly weapon if "under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm." RCW 9A.04.110(6).

"A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he or she does any act which is a substantial step toward the commission of that crime." RCW 9A.28.020(1). Criminal intent may be inferred from all the circumstances of the case including "inferring or permissively presuming that a defendant intends the natural and probable consequences of his or her acts." *State v. Bea*, 162 Wn. App. 570, 579, 254 P.3d 948, *review denied*, 173 Wn.2d 1003 (2011).

Here, Hansen sabotaged Boucher's car by loosening one wheel's lug nuts. A natural and probable consequence of this action is that the car will become disabled by having a wheel unexpectedly fly off while driving resulting in a possible vehicular collision. Because a vehicular collision is readily capable of causing death or substantial bodily harm, attempting to create a defect in a vehicle that could cause a collision would render the vehicle a deadly weapon. And since a vehicular collision would inflict bodily injury on another or put another in in apprehension of harm, it would constitute an assault.

No. 57031-9-II

Because the natural and probable consequence of Hansen's actions, especially when all inferences are construed in favor of the State, constitute a second degree assault with a deadly weapon, there was sufficient evidence to support the inference that Hansen had the specific intent to commit second degree assault. And even though an accident did not happen, Hansen's deliberate actions of loosening the lug nuts were a substantial step toward committing a second degree assault. Accordingly, the State presented sufficient evidence to prove both elements of attempted second degree assault for two counts relating to Boucher and her child.

We affirm Hansen's convictions for two counts of attempted second degree assault.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C

CHE, J.

5